700 So.2d 647 (1997)
Raleigh PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90101.
Supreme Court of Florida.
September 25, 1997.
*648 Martin J. McClain, Litigation Director, Capital Collateral Regional Counsel, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Robert J. Landry, Assistant Attorney General, Tampa, for appellee.
PER CURIAM.
Appellant is under a sentence of death from the Circuit Court in Charlotte County and is presently in this Court on appeal from denial of a rule 3.850 motion. Incident to that appeal, appellant has filed a "Motion to Direct Payment of Court Reporter's Fees." We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant has been invoiced by the court reporter responsible for transcribing the various court hearings that occurred in the 3.850 proceedings which are the subject of this appeal. These transcripts are to be included in the record on appeal. Appellant is represented by the Capital Collateral Representative (CCR) pursuant to sections 27.7001-27.708, Florida Statutes (1995 & Supp.1996).
The issue presented by this motion is whether the costs for the court reporter's transcription should be paid by the County or should be paid out of the budget of CCR. We have been advised by CCR and the office of the Attorney General that in postconviction capital cases, these costs historically have been paid by the counties.
However, in Hoffman v. Haddock, 695 So.2d 682 (Fla.1997), we held that we could not compel the City of Jacksonville and Duval County to pay costs incident to postconviction capital proceedings because the legislature has determined that CCR is to bear this responsibility:
In this type of case, however, chapter 27 expressly directs that CCR is to provide for the collateral representation of any person convicted and sentenced to death in this state and is to be responsible for the payment of all necessary costs and expenses.

Id. at 684. We here clarify that our decision includes court reporter fees for transcription of the proceedings to be included in the record on appeal.
We rule on this motion by this opinion to express our conclusion that payment of all postconviction costs out of CCR's budget is not only statutorily required but is necessary to carry out the legislative intent expressed in section 27.7001, Florida Statutes (Supp. 1996).[1] Moreover, we believe it will further the goal of accounting for and controlling costs in postconviction proceedings and further the efficient processing of postconviction capital cases.
Because this is a change from how these costs have been paid in the past, we urge CCR and the Commission on Administration of Justice in Capital Cases to immediately *649 assess the impact of these costs on CCR's budgets in each of the CCR offices and at an early time do what is necessary to make the legislature aware of the need to appropriate the funds to cover these costs.
The motion is denied.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., concurs with an opinion, in which KOGAN, C.J. and ANSTEAD, J., concur.
NO MOTION FOR REHEARING WILL BE ENTERTAINED BY THE COURT.
OVERTON, Justice, concurring.
I concur.
In doing so, I want to emphasize that court reporter costs for Florida courts are a substantial expense, borne largely by the individual counties and are a significant part of what is now termed "Article V costs." However, how the individual counties pay for this expense varies greatly from county to county throughout the state.
In some judicial circuits, there has been an effective cooperative effort by the judiciary and local county officials, who have moved aggressively to change the structure and method of providing court reporter services. They have taken total control and management of these costs, which has resulted in the provision of more efficient court reporter services at less cost to the taxpayers. In other circuits, court reporters remain largely independent, which in my view has, in most instances, resulted in more cost to the taxpayers.
In this case, the Office of the Capital Collateral Representative (CCR) has received invoices from an independent contractor providing court reporter services to Charlotte County for the amounts of $42.75, $41.25, and $826.56. In the companion case of Patton v. State, No. 89,669, ___ So.2d ___ (Fla.1997), CCR has received an invoice for services in Dade County from an independent court reporter contractor for $1,493.40.
Comparatively, if these postconviction relief proceedings had been conducted in Alachua County, where most court reporter services are provided by full-time county employees who use state-of-the-art computer-aided transcription, no per page or attendance costs would have been incurred.
In my view, the Alachua plan, a copy of which is attached to this concurring opinion, is a more efficient, cost-effective method for managing court reporter costs than the methods being used in most other counties. Because the court has total control of how depositions, trials, and evidentiary hearings are reported and determines when hard-copy transcriptions are necessary, costs for court reporting services have been greatly reduced in that circuit.
I strongly believe that all judicial circuits should implement a plan similar to that being used in Alachua County. Equally as important, the state must provide substantial funds to aid and assist the counties in the payment of these article V costs. Presently, Dade County spends approximately $5.4 million per year on court reporter costs.
Both court reporter costs and conflict counsel costs are important issues that should be addressed in the next legislative session.
KOGAN, C.J. and ANSTEAD, J., concur.

ATTACHMENT

THE MAKING OF A COURT REPORTING PROGRAM

Sept. 2, 1997.

INTRODUCTION
The Eighth Judicial Circuit of Florida decided in 1994, in light of mandates by the Legislature, to create a Court Reporting Department within the scope of the Court Administrator's Office.
After the decision was made, there began a series of meetings, reports, recommendations and choices to be made.
It was, in the end, decided that the Department would retain its already existing electronic division, wherein non-capital felony depositions were electronically recorded and transcripts prepared by court-employed *650 electronic reporters. That Division was expanded to include two satellite offices so that electronic reporting was available to the entire Circuit, and an additional employee was brought into the home office for the purpose of conducting electronically recorded depositions and for transcribing.
The Judicial Court Reporting division was initially made up a Sr. Managing Court Reporter who split her time between realtime reporting and the administrative responsibilities of managing the office, four full-time court reporters and two part-time (twenty hours per week) court reporters. In addition, a Program Manager was installed to oversee and supervise the electronic division and coordinate and assist the Judicial Reporting division.
Through attrition, the make-up of the Judicial Reporting division has changed to include the Program Manager, the Sr. Managing Court Reporter (who continues to split her reporting and administrative responsibilities) and five other full-time court reporters.
The following page reveals a graph of the makeup of the Department currently in place.
The Department is governed by Administrative Order Number 1.1110(E). If any policy or procedural statement found herein is at odds with that Administrative Order, the Administrative Order prevails and changes in policy and procedure should be made within the Court Reporting Program.
 COURT ADMINISTRATOR
 |
 SR. DEPUTY COURT ADMINISTRATOR
 |
 SR. MANAGING COURT REPORTER
 |
 | |
Five Full-Time Judicial Program Manager
Court Reporters _______________
(with the Sr. Mgng. Five Full-Time
Ct. Rptr. also reporting) Electronic Reporters
 (one of whom can act
 as judicial reporter
 on call)

COSTS AND EQUIPMENT:
The County purchased all the reporting equipment, computers, desks, chairs and supplies required for the employees and leased the additional space needed to house the office. All equipment and furniture remains the property of the County. Salaries were set, with financial incentives for acquiring realtime proficiency levels. Appendix A sets forth the minimum base salaries and incentives for realtime levels 1, 2 and 3. Mileage for travel within the Circuit is paid at the rate of $.29 per mile for prescribed distances between cities. Meals are reimbursed at preset amounts if travel time are within appropriate ranges. Appendix B sets forth the policies and procedures for travel reimbursement and samples of travel reimbursement claim forms to be used.

CALENDARING:
The Judicial Court Reporters cover a six-county Circuit (Alachua, Baker, Bradford, Gilchrist, Levy and Union Counties), reporting at all felony criminal case proceedings, capital-case depositions when the defendant has a public defender or court-appointed counsel, scheduled Baker/Marchman Act proceedings, Termination of Parental Rights pre-trials and adjudicatory hearings, non-capital depositions when it is determined to be more efficient and cost-effective than electronic recording, and some juvenile proceedings.
An annual Master Calendar is generated by Court Administration. The selected proceedings to be covered by Judicial Court Reporters is taken from that Master Calendar and a scheduling calendar is made for the department by the Program Manager. Judges' weekly calendars are generated by Judicial Assistants and provided to the Program Manager to add to, delete from, and change the scheduling calendar.
*651
 Court Reporter Plan
 Draft Details
Termination
We plan to give notice to terminate all official court reporters on May 17, 1995
effective June 30, 1995
Salary
SALARY RANGE $35,000 - $60,000
SALARY BASE $35,000
 SUPPLEMENT FOR $3,500
 MANAGEMENT
 SUPPLEMENT FOR $2,000
 REAL TIME LEVEL 1
 SUPPLEMENT FOR $2,500
 REALTIME LEVEL 2
 SUPPLEMENT FOR $2,500
 REAL TIME LEVEL 3
Hiring
We plan to advertise the 5 full time and 2 half time positions internally until May 24,
1995.
We plan to leave the real time court reporter position as is. This position will be
reclassified from exempt to non exempt for the purpose of the FLSA. THIS
POSITION WILL ALSO BEDESIGNATED A COURT REPORTER MANAGER.
We will hire two court reporter managers, two part time court reporters
and two other full time court reporters or the equivalent thereof.
The court reporters will be judicial employees and therefore serve "at will". This
means that termination may take place at any time without cause.
Hours of work
All full time court reporters shall work eight hours a day five days a week. There is
one hour each day provided for lunch. Any reporter who plans to work more than the 40
hours in a week must have their manager/supervisor approve the overtime prior to
performing the work.
*652
 CURRENT COURT REPORTING
 OPERATIONS SUMMARY
CIRCUIT FELONY TRIALS AND DEPOSITIONS
IN THE 8TH CIRCUIT
 Since July 1995, official reporters have worked as judicial court reporters pursuant to an
order from the Supreme Court.
 All current judicial employees are Registered Professional Reporters (RPRs) who have
been tested by the National Court Reporters Association. At the current time, the Supreme Court
is in the last stages of implementing a Certification Board that will require all court reporters in
the State of Florida to be a tested RPR in order to work as a court reporter in the State of Florida.
The proposed draft is before the Florida Bar Rules Committee for approval at this time. This
department will already be in compliance when Certification takes effect.
 As of June 1997, all judicial court reporters are realtime proficient and are allowed an
opportunity to test with the managing court reporter at any time with regard to their realtime
skills.
 All felony criminal trials are reported by a judicial court reporter, with the judge being
provided a computer and realtime screen to view and make notes, etc. on. This provides the
judge with instant access to the testimony when ruling on objections and making rulings. The
parties no longer have to rely on their memories as to what happened. There is a much less
chance of the judge being overruled on a factual basis on appeal when he has the realtime draft
in front of him than when using only his notes and memory of prior days' events.
 The judge and parties are provided part or all of the realtime proceedings upon request
via e-mail, disk, or printout by the court reporter. This may be used to prepare for the next day's
proceedings, pending rulings or upcoming hearings in a case.
 When we now encounter a last minute witness in a trial, sometimes during the trial, we
have been able to recess the trial for an hour, take the deposition with the same realtime court
reporter who is reporting the trial, provide the parties with a disk, printout, or e-mail to their
office and resume the trial. Without this technology, the attorneys have to ask for a continuance,
the trial is continued, and the defendants waits in jail until the next trial term.
 ADA Requirements: There is currently a Realtime Guidelines Committee that is
working with the Florida Bar on guidelines for using realtime for hearing impaired individuals in
the court system. Qualified realtime reporters/employees are able to provide immediate
compliance with these regulations at no extra cost to the County. (Recently a defendant appeared
in court who was hard of hearing and the court reporter turned the realtime screen on their
notebook around and provided a translation of the proceedings as they occurred to the
defendant.)
*653
 All capital depositions are reported by judicial court reporters. A realtime rough draft
disk, e-mail or printout is provided immediately to the parties for their use. If trial becomes
imminent, final copy transcript is ordered by the attorneys of the pertinent depositions. A
significant amount of time is saved by the reporter not having to provide final copy transcripts,
as was the policy before instituting realtime technology. They then have more time available to
report in trial, depositions, hearings, etc.
 Many times the judicial reporters already familiar with a case have traveled outside the
8th Circuit to report depositions in other cities, provided immediate rough draft, and save the
County the usual costs associated with appearance fees and final copy transcript fees from court
reporters whose qualifications they are not familar with.
 VIDEOTAPE: We are now able to attach the realtime proceedings in depositions and
trials to the video image and record it on the VCR tape. Each frame of the videotape is linked to
the realtime translation, and when a readback or playback is requested, the reporter does a quick
word search on their computer, marks the place(s) to be played back to the jury and all parties
present. That word search marks the videotape and it automatically rewinds to that frame on the
videotape and provides an instant visual and written transcript recording. Requested sections
can be copied to a separate tape if requested. This eliminates the time consuming task of
searching for a location on a videotape while providing the written word.
*654
 COURT REPORTING BUDGET REVIEW
 RE: DRAFT PLAN SUBMITTED APRIL 17, 1995
In the Court Reporting Plan, dated April 17, 1995, the following were some goals
and issues addressed:
(1) Professional Judicial Court Reporters hired as employees of the Court.
 This has been accomplished.
(2) Professional video recording systems with managed transcription services.
 This has been accomplished and we have added two video systems
 (Hearing Officer Samuel Stafford and Judge F. D. Smith).
(3) Professional audio recording systems with managed transcription services.
 This has been accomplished with additional audio recording systems
 being provided as follows: Alachua County (2); Bradford County (1);
 Baker County (2); Levy County (1); Gilchrist County (1); Union County
 (1).
(4) Private court reporters paid under contractual terms and used to back up the
 employees.
 This is done on an occasional basis, only when the number of court
 events exceed the number of judicial court reporters.
*655
 In addition to the numbered points, the plan encouraged all judicial court
reporters to be capable of realtime reporting and transcription.
At this time, all judicial court reporters are registered professional reporters,
and realtime proficient, providing realtime draft pages to judges and counsel
as needed to increase efficiency and time management, and to control
transcript backlog pages.
 The plan called for five full time judicial court reporters and two half time
court reporters.
At this time, by attrition, we employ six full time judicial court reporters.
 The plan called for implementation of electronic court reporting equipment
circuit wide.
We have accomplished this, with a satellite office in Bradford County to cover
Bradford and Baker Counties and one in Levy County to cover Levy and
Gilchrist Counties. Union County recording of depositions is accomplished
out of the Alachua County office. An additional deposition room was opened
in January, 1997 in Alachua County to accommodate even more electronically
recorded depositions.
Finally, the plan encouraged every courtroom in the circuit to be equipped with
audio and video recording equipment and for every chamber in the circuit to be
equipped with audio recording equipment.
We have nearly accomplished the audio recording equipment goal and are
working toward the video equipment goal.
*656
MEMO:
DATE: June 11, 1997
TO: Patrick Callahan, Sr. Deputy Court Administrator
FROM: Vicki Y. Johnson, Sr. Managing Court Reporter
RE: Court Reporting Budget Review
 86 Circuit criminal felony trials stenographically reported in 1994
 1,980 depositions tape-recorded for Alachua County only
 No records kept of capital depositions stenographically reported
 EMPLOYEE STATUS began July 1, 1995
1996- 110 Circuit Criminal trials stenographically reported
 2,436 Alachua County non-capital tape-recorded depositions
1997- 268 Circuit criminal felony trials based on 67 trials during the first quarter
 3,720 tape-recorded depositions based on 310 tape-recorded depositions per
 month (This does not included depositions reported for capital cases, as above)
Using the trial figures above, kept by Court Administration, and reflecting the changes
implemented January 1, 1997 to facilitate change of pleas, trial schedules, and lessen inmate time
in the county jail, there has been a 211% increase in cases going to trial in 1997 compared to
1994.
There has been an 87% increase in non-capital depos tape-recorded between 1997 and 1994.
1994/1995 Court Reporting budget for the 8th Circuit - $ 413,825.00
 Allocation of cost by counties: - 166,000.00
 State supplement - - 70,000.00
 Alachua County's allocation costs - $ 177,825.00
*657
 THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA
 ADMINISTRATIVE ORDER NO. 1.1110(E)
 COURT REPORTING
 The Supreme Court of Florida adopted Fla. R. Jud. Admin. 2.070 to ensure that court reporting services
are provided in an efficient and cost-effective manner consistent with the requirements of state and federal law.
This order amends Administrative Order No. 1.1110(D) and regulates the court reporting program used by the
courts in this circuit and is divided as follows:
 Part A: Employment and Management
 Part B: Recording Procedures, Transcripts and Storage
 Part C: Special Procedures in Certain Proceedings
 PART A: EMPLOYMENT AND MANAGEMENT
 1. Judicial Court Reporters. Judicial court reporters are "at will" judicial employees, who serve at
the pleasure of the Chief Judge. Vacancies will be advertised in the manner provided for Alachua County judicial
employees. The Court Administrator is responsible for investigating applicants' qualifications on behalf of the
Chief Judge, who is responsible for the employment of all judicial court reporters.
 a. QUALIFICATIONS. Judicial court reporters hired on or after July 1, 1995, are required to obtain
the National Court Reporters Association, Registered Professional Reporter- Certificate of Proficiency (RPR-CP)
(225 wpm) within eighteen (18) months from date of hire. After January 1, 1997, current certification as a
current RPR-CP certified reporter is required to be eligible for employment as a judicial court reporter.
 b. OATH. Before undertaking any duties, every court reporter must first become familiar with
this order and take the following oath before a judge of this circuit in open court (reflected in the court minutes)
or file the oath in writing with the Clerk of Court:
 I do solemnly swear or affirm that I will faithfully perform all of the duties of the office of judicial court
reporter of the Eighth Judicial Circuit Court on which I am about to enter.
 ____________________________________
 Judicial Court Reporter
 Sworn to or affirmed and subscribed before me on ____________, 19 ________.
 ____________________________________
 Clerk of the Court
 c. DUTIES AND RESPONSIBILITIES. Upon accepting employment, every judicial court reporter
assumes the responsibilities and duties of an officer of an officer of the court. It is the judicial court reporter's duty to take
and transcribe stenographic or shorthand notes of proceedings in this court and to maintain confidentiality which
survives the termination of the reporter's employment as a judicial court reporter.
 (1). Private Reporting Work. Full time judicial court reporters may not engage in
private court reporting. Part time judicial court reporters may engage in private court reporting provided it does
*658
not interfere with the performance of their official duties and responsibilities as an employee of the court.
 (2). Confidentiality. A. judicial court reporter or contract court reporter may not disclose
directly or indirectly, orally or in writing, to anyone other than a party or a party's attorney of record, information
obtained through the performance of duties as a court reporter unless specifically authorized by the court.
 (3). General Duties. Each judicial court reporter is responsible for keeping up with the
arraignment and trial schedules and will record stenographic or shorthand notes or jury selection, trials, judicial
acceptance of pleas, sentencing, arraignments and evidentiary hearings in all criminal cases in the circuit and such
other hearings and proceedings as directed by the judge.
 (4). Trial Duties. At the start of each criminal trial the court reporter shall note into
the record the style of the cause, the case number, the location of the proceeding, the date and hour; the presence
and name of the presiding judge, the court reporter, and the names of the state attorney, defense counsel and the
accused; and during each stage of the trial (particularly during and after each recess), the presence of the accused
and his counsel and the presence or absence of the jury. During every criminal trial the reporter shall make true,
complete and accurate notes of all proceedings.
 (5). Dress Code. Judicial court reporters are expected to dress consistently with the
dignity of the court and be well groomed at work. Male court reporters shall wear a business suit or dress slacks
with a collared shirt and tie and wear a matching jacket or have one immediately available. Female court reporters
shall wear suitable business attire such as a dress, skirt and blouse, suit or pantsuit. Any employee who reports
for work in unsuitable attire, as determined by the immediate supervisor, court administration or the chief judge
may be asked to leave work until more appropriately dressed and may be charged annual leave for the time lost.
 2. Administering Oaths. Judicial court reporters and electronic transcribers are hereby empowered
to administer oaths to witnesses at trials, hearings or depositions, when acting in the performance of their official
duties.
 3. Program Management. The Senior Managing Court Reporter is responsible for the day to day
supervision of judicial court reporters and electronic transcribers, the operation of the court reporting functions
circuit-wide, making assignments and handling requests for court reporter coverage. The senior managing court
reporter may contract with freelance court reporters when coverage is needed. Judicial court reporters are also
subject to the direct supervision of the judge to whom they are assigned.
 4. Compensation.
 a. Judicial Court Reporters. Judicial court reporters are compensated at a salary determined
by the Chief Judge, which may be supplemented for managerial or realtime services. Judicial court reporters are
classified nonexempt and are governed by the policies governing Alachua County judicial employees. Full time
employees must work 40 hours per week and part-time employees must work 40 hours per pay period unless
*659
otherwise specified by their supervisor. Employees are not permitted to work at home or in a private office,
unless prior approval is granted by the employee's supervisor under special circumstances. Judicial court
reporters are provided office space, furniture, stenographic equipment, software, hardware and supplies.
 b. ELECTRONIC TRANSCRIBERS. Electronic transcribers are "at will" judicial employees who
serve at a salary determined by the Chief Judge. Electronic transcribers are classified nonexempt and are
governed by policies governing Alachua County judicial employees. Full time electronic transcribers must work
40 hours per week and part time transcribers work as needed by the court. Employees are not permitted to work
at home or in a private office, unless prior approval is granted by the employee's designated supervisor under
special circumstances. Fees for transcripts prepared by private electronic transcribers shall be at the rate of
$2.00 per page for the original and one copy and $0.10 per page for each additional copy.
 c. CONTRACT COURT REPORTERS. Contract court reporters (freelance reporters contracted to
cover court events that cannot be covered by judicial court reporters) are governed by the following fees:
 (1). Attendance Fees. Contract court reporter fees shall be $45.00 for the first hour and
$15.00 per half-hour thereafter. A $45.00 minimum fee per session shall be allowed for the morning session and
afternoon session. Attendence fees for video recording of depositions shall be $100.00 for the first hour and
$25.00 for each half-hour thereafter. If cancellation of a video deposition occurs two hours or more prior to the
scheduled time, there will be no fee. If cancellation occurs before equipment set up, but less than two hours
before the scheduled, time, the fee will be $50.00. If cancellation occurs after set up of equipment, the fee will
be $100.00. Attendance time ends at the conclusion of taking down of equipment.
 (2). Transcription Rates. The original transcript shall be billed at the rate of $4.00 per
page, which also includes one copy; each additional copy shall be billed at the rate of $0.10 per page. If a
deposition is transcribed at the cost of private counsel, a copy may be furnished to the State Attorney at $0.10
per page without prior authorization of the court. The original and three (3) copies of appeal or other transcripts
shall be billed at the rate of $4.35 per page. If the court authorizes additional copies, they shall be billed at the
rate of $0.10 per page. Rates for daily delivery (within 24 hours) shall be double the above rates. The rates for
expedited transcripts (within 72 hours), other than daily delivery, shall be 1.5 times the above rates. Daily
delivery or expedited rates may not be paid from public funds without court authorization.
 d. MILEAGE. Judicial court reporters, electronic transcribers and contract court reporters are
entitled to mileage and meals for travel as authorized for court employees by the state. Designated travel forms
shall be submitted to the Senior Managing Court Reporter in Alachua County for payment by Alachua County.
Mileage will not be paid for travel between an employee's headquarters and the employee's home.
 e. APPLICABILITY AND SCOPE. This schedule of fees and compensation applies to
 (1) all criminal proceedings
*660
 (2) grand jury proceedings
 (3) Baker and Marchman Act and guardianshop proceedings
 (4) juvenile delinquency and dependency proceedings
 (5) any proceeding reported pursuant to court order or statute
 (6) any civil case where the court taxes the court reporter's fees as costs
 5. Compensation by Counties and State. The Board of County Commissioners of Alachua County
shall pay all the costs for court reporting throughout the Eighth Judicial Circuit. Bradford, Baker, Union, Levy,
and Gilchrist counties shall pay to the Alachua County Board of County Commissioners their prorated share of
the costs. This prorated share shall be determined by each county's proportion of criminal filings. The court
administrator's office shall calculate each county's share and corresponding assessment for court reporting costs.
The court administrator's office shall inform each county of its assessment during the annual budget process.
Assessments shall be paid to Alachua County quarterly with payments due fifteen days after the end of the
quarter. Funds received from the State of Florida for court reporting shall be paid to the Alachua County Board
of County Commissioners and will be applied as revenue against the expenditures for the court reporting program
in the Eighth Judicial Circuit.
 Part B: RECORDING PROCEDURES, TRANSCRIPTS AND STORAGE
 1. Procedure for Electronically Recording Trials or Hearings. Electronic recording equipment
shall be operated by qualified personnel in such manner and under such conditions that insure the production of
an audibly accurate record of all proceedings. When proceedings are being recorded, the operator shall constantly
monitor the recording input and immediately notify the judge when the recording is doubtful.
 2. Procedure for Video Recording Depositions. Fla. R. Jud. Admin. 2.080(d) authorizes
videotaped depositions, which electronically records both sound and visual image on tape. A judicial court
reporter or electronic transcriber shall be present at any videotaping and shall additionally record all proceedings
occurring during the videotaped testimony. The manner of swearing the witness and the person swearing the
witness shall be shown on the tape. Videographers shall be independent of the parties and their attorneys, having
no interest in the action and shall provide a complete record of the deponent, attorneys, and exhibits.
 a. NOTICE AND COST. A party intending to videotape a deposition must so specify in the notice
of deposition. Any party receiving notice of a stenographic deposition may serve a cross-notice of videotape
deposition in compliance with Fla. R. Civ. P. 1.310(b)(1). The initial cost will be borne by the party who
noticed and arranged the videotape deposition.
 b. EQUIPMENT. Videotape equipment shall be of sufficient quality to produce an accurate and
trustworthy record and shall include:
 (1) Lavalier microphones for each participant; or two multidirectional microphones;
*661
 or a microphone mixer; or unidirectional microphones for each participant;
 (2) a monitor-receiver;
 (3) an audio record created simultaneously with the video record;
 (4) a date and time and title generator; and
 (5) a digital counter.
If charts, documents, drawings, photographs, x-rays or visual aids are to be used, the operator should be told in
advance of the deposition by the party intending to use them so that special equipment, if needed, will be
available.
 c. CERTIFICATION AND FILING. Videotape depositions and the stenographic transcript of those
depositions are subject to the requirements of Fla. R. Civ. P. 1.310. In addition the operator shall list on the
cartridge or cartridges the style, case number, name of deponent and the total time of the deposition.
 3. Transcripts. All transcripts must comply with Fla. R. Jud. Admin. 2.070. A party must
simultaneously notify all other parties of their request for a transcript. However, notice is not required for sworn
or unsworn statements or other transcripts taken privately which remain the work product of the ordering party.
 a. HEARINGS AND TRAILS. No recording of trials or hearings will be transcribed at public
expense or transcript copies produced without court order. If ordered, the reporter or transcriber shall promptly
transcribe the stenographic notes and file the transcript pursuant to Fla. R. App. P. 9.200(b). If realtime rough
draft disks or transcripts have been provided attorneys must certify a need for final transcripts in the Certificate
of Need. A copy of a transcript may be requested without a court order, if the requesting party agrees to pay the
appeal transcription rates authorized for contract court reporters by this order. Compressed transcripts, (a format
which accommodates four 8½ × 11 pages of text printed on one page) have been approved for use by the Eighth
Judicial Circuit Appellate Division.
 b. DEPOSITIONS. Public defenders or assistant state attorneys must request transcripts of
depositions by submitting a Certificate of Need For Transcripts, using the form prepared by the court reporter's
office. Upon filing the Certification of Need the record will then be transcribed by the court reporter's office.
Special public defenders must secure a court order before a deposition can be transcribed. The transcriber shall
certify before a notary public or other person authorized to administer oaths that the transcription is a true and
accurate text of the audio or video tape. The transcript may be used for any purpose set forth in Fla. R. Crim.
P. 3.220.
 4. Record Keeping, Storage and Indexing. The record, stenographic notes, the reporter's dictionary,
final copy transcripts on diskettes, shorthand notepads and any tape recordings of court events, except for Grand
Jury proceedings, are the property of the court and shall be maintained at a specified location designated by the
court in an organized manner for efficient retrieval.
 a. ELECTRONICALLY RECORDED TRIALS OR HEARINGS. The Clerk of Court is designated as the
*662
official record keeper of all audio and video electronic recordings of court proceedings and shall keep then secure
where they may be retrieved as public record for a period of no less than 10 years. The clerk will mark on each
audio and video tape the court event, date and presiding judge. Tapes of trials and hearings will also identify the
case number and defendant's or respondent's name. The Clerk of Court will be responsible for responding to
public access requests for copies of video or audio tapes of court proceedings at a fee to be determined by the
Clerk.
 b. ELECTRONICALLY RECORDED DEPOSITIONS. Where a deposition is recorded electronically,
the electronic transcriber will index the original tape in a book kept for that purpose. The deposition tapes will
be securely maintained by the electronic transcriber for transcription purposes for a two year period after which
the transcriber shall file the tapes with the Clerk of Court of the county of origin in January of each year. Tapes
for depositions done in counties other than the county of case origin shall be stored in the county of case origin.
The Clerk of the Court shall keep these tapes safe and secure.
 c. VIDEOTAPED DEPOSITIONS. Original videotapes of depositions shall be filed with the court
Reporting Program Office in VHS format, unless a party directs the original to be filed with the Clerk of Court.
Except in juvenile cases, the trial court may authorize the Clerk of Court or the Court Reporting Program office
to release the original videotape recording upon final disposition of the action and the expiration of the time for
appeal.
 PART C: SPECIAL PROCEDURES IN CERTAIN PROCEEDINGS
 1. Felony Cases.
 a. TRIALS AND HEARINGS. Felony trials and hearings in capital and non-capital felony cases shall
be stenographically reported by a judicial court reporter. This stenographic record shall be the official court
record. Additional recordings made at the request of private counsel are not part of the official record.
Attendance by the official judicial court reporter will be provided free of charge to the parties. However, there
is a charge for transcripts requested for an attorney's own use or for an appeal.
 b. DEPOSITIONS. Where a private attorney has been retained by the defendant for representation
and the court has not found the defendant indigent, a private court reporter must be retained for recording
depositions. In indigent cases, Capital felony depositions shall be recorded by a judicial court reporter and non-capital
felony depositions shall be recorded electronically. If electronic services are not available, depositions
will be recorded by a judicial court reporter. This record is the official court record. Portions of the record may
be reproduced and amplified in open court by either party for the purpose of contradicting or impeaching the
testimony of the deponent as a witness.
 c. DEPOSITION PROCEDURES. Depositions shall be taken in this circuit at the courthouse of
*663
the county where the cause is pending and must be scheduled with the Alachua County Court Reporting Office.
Witnesses that are located outside of the county of case origin may be deposed in any other courthouse in the
circuit. The court reporting office where the deposition was taken is responsible for producing the transcript if
needed.
 2. Grand Jury Proceedings. The testimony of witnesses in grand jury proceedings shall be recorded
electronically, if electronic equipment is available. No other parts of the grand jury proceedings shall be recorded.
The court will provide electronic equipment to make the record, including tapes. The State Attorney is
responsible for operation of the electronic equipment, for making the record, and for ensuring that individuals
are identified for the record. Upon completion of the grand jury proceedings, the State Attorney shall deliver the
record to the Clerk of Court for filing. The Clerk of Court shall seal the record from public inspection. The grand
jury testimony may only be transcribed by order of the Chief Judge of the Eighth Judicial Circuit.
 3. Misdemeanor Trials and Hearings. Electronic recording equipment shall be used to record all
criminal, county court proceedings, required to be recorded. If electronic services are not available, the record will
be made by a judicial court reporter. Such recordings are the official court record. In Alachua County the court
shall use video recording equipment in Courtrooms 2D, 3D and 2E and audio recordings in all other courtrooms.
The Court Administrator's Office is responsible for maintaining the equipment including duplication equipment.
The prevailing custom of using the services gratuitously provided by the several clerks for the operation of
electronic recording equipment shall be continued.
 4. Civil Trials and Hearings. Civil hearings or trials may be reported by private court reporters as
arranged by the parties. However, cases required to be recorded by statute, such as guardian appointments and
juvenile dependency cases, are the responsibility of the court reporter program and will be recorded electronically
or by a judicial court reporter if electronic services are not available. In these designated cases either an electronic
transcriber or a clerk will be present at the hearing to record the proceeding. The clerk shall store and copy these
records following the procedures for recording of trials above.
 5. Juvenile Delinquency and Dependency
 a. HEARINGS. Juvenile hearings in the Eighth Judicial Circuit shall be reported by judicial court
reporters or electronically recorded. Counsel for either party may elect to have a private court reporter present
providing the party pays for the services.
 b. DEPOSITIONS. If depositions in juvenile cases are authorized by the court, they will be
electronically recorded. Depositions of children under the age of 16 must be videotaped if requested by a party
pursuant to Fla. R. Juv. P. 8.060(d)(8), unless otherwise ordered by the court. The videotape shall be given to
the attending judicial or electronic court reporter. A list of qualified videotape operators will be kept by the court
administrator's office and utilized on a rotation basis.
*664
 c. DEPOSITION LOCATIONS. Depositions must take place in a building where the adjudicatory
hearing may be held, or a place as agreed upon by the parties, or where the trial court orders pursuant to Fla. R.
Juv. P. 8.060(d)(1)(B) and 8.245(c)(1)(B). The Court Reporting Offices in the Alachua County Courthouse
Annex, 105 SE 1st Avenue, Gainesville, FL, is hereby designated "a building where the adjudicatory hearing may
be held" for Alachua County delinquency and dependency depositions.
 d. RECORDS. Electronically recorded juvenile records and written transcripts of such records are
exempt from public disclosure in accordance with Chapter 39, Fla. Stat, and will be stored and maintained by
the Clerk of Court where the case is filed.
 6. Child Support Enforcement Hearings. Child support enforcement hearings held before a Judicial
Hearing Officer are electronically recorded. The Judicial Hearing Officer shall be responsible for making,
maintaining and storing of the court record. A written log detailing the date, time, name of the case, case number,
attorney names and witness names shall be kept with the electronically recorded tape.
 ORDERED on August____, 1996.
 _______________________________
 ROBERT P. CATES, CHIEF JUDGE
NOTES
[1] Section 27.7001 provides as follows:

Legislative Intent.It is the intent of the Legislature to create part IV of this chapter, consisting of ss. 27.7001-27.708, inclusive, to provide for the collateral representation of any person convicted and sentenced to death in this state, so that collateral legal proceedings to challenge any Florida capital conviction and sentence may be commenced in a timely manner and so as to assure the people of this state that the judgments of its courts may be regarded with the finality to which they are entitled in the interests of justice. It is the further intent of the Legislature that collateral representation shall not include representation during retrials, resentencings, proceedings commenced under chapter 940, or civil litigation.