WELLS, Justice.
Appellant Robert F. Milligan, in his capacity as Comptroller of the State of Florida and head of the Department of Banking and Finance, petitioned the circuit court to issue a writ of mandamus directing appellee Palm Beach County Board of Commissioners, through its Chairman, Burt Aaronson, to pay to the Clerk of the Fourth District Court of Appeal past-due appellate filing fees it owed on behalf of indigent criminal defendants. Appellant argued that under section 939.15, Florida Statutes (1995),[1] counties have a mandatory duty to pay appellate filing fees on behalf of indigent criminal defendants. After a hearing, the trial court dismissed appellant’s complaint for writ of mandamus in an order dated July 18,1997. The Fourth District then certified that the trial court order passed on an issue of great public importance requiring immediate resolution by this Court. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const. We affirm the trial court’s dismissal of appellant’s complaint for writ of mandamus.
Article VIII, section 1(b) of the Florida Constitution provides that disbursement of county funds must be by general law. We find no provision in section 939.15, Florida Statutes (1995), or in any other statute which mandates that counties disburse funds to pay appellate filing fees on behalf of indigent criminal defendants. Appellant cites to no express statutory mandate. Rather, appellant bases the claimed disbursement requirement upon a reading of section 939.15 in pari materia with section 27.3455(4)(c)-(d) and (6)(a), (d), Florida Statutes (1995).[2] Howev *1052 er, we find that when the legislature has intended counties to pay certain costs, it has expressly provided for such disbursements,[3] and we are not persuaded that county disbursements are properly mandated by an in pari materia reading of the statutes cited by the appellant.
Moreover, we find a clear statement of legislative policy in the plain language of section 57.081(1), Florida Statutes (1995), which provides in relevant part that “[a]ny indigent person ... in any judicial ... proceeding ... shall receive the services of the courts ... without charge.” This statutory provision expressly includes filing fees, and in Chappell v. Florida Department of Health & Rehabilitative Services, 419 So.2d 1051, 1052 (Fla.1982), we specifically held that this provision includes appellate courts.
Accordingly, we remand this case to the district court with instructions to affirm the trial court’s order. We further hold that this decision shall only have prospective application, meaning that refunds of filing fees which counties have paid before issuance of this opinion are not required. Also, by separate administrative order, we have directed the clerks of the appellate courts to stop collecting filing fees for cases filed on behalf of indigents beginning on the date this opinion is issued.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.

. Section 939.15, Florida Statutes (1995), provides:
When the defendant in any criminal case pending in any circuit or county court, a district court of appeal, or the Supreme Court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs. However, this section does not apply to indigent defendants represented by the public defender. In such cases, costs incurred pursuant to s. 27.54(3) shah be paid by the county upon certification by the public defender as being useful and necessary in the preparation of a criminal defense, provided that the reasonableness of such expenses may be contested by the county in the criminal proceeding.
(Footnote omitted.)

. These sections provide in relevant part:
(4) Each county shall submit annually to the Comptroller and the Auditor General a statement of revenues and expenditures as set forth in this section ... provided that such statement identify total county expenditures on:
[[Image here]]
(c) Each of the services outlined in ss. 27.34(2) and 27.54(3).
(d) Appellate filing fees in criminal cases in which an indigent defendant appeals a judgment of a county or circuit court to a district court of appeal or the Florida Supreme Court.
[[Image here]]
(6) The priority for the allocation of funds collected pursuant to subsection (1) shall be as follows:
(a) Reimbursement to the county for actual county expenditures incurred in providing the state attorney and public defender the services outlined in ss. 27.34(2) and 27.54(3), with the exception of office space, utilities, and custodial services.
[[Image here]]
(d) At the close of the local government fiscal year, funds remaining in the special trust fund after reimbursements have been made pursuant to paragraphs (a), (b), and (c) shall be used to reimburse the county for counly costs incurred in the provision of office space, utilities, and custodial services to the state attorney and public defender, for county expenditures on appellate filing fees in criminal cases in which an indigent defendant appeals a judgment of a county or circuit court to a district court of appeal or the Florida Supreme Court....

. See, e.g., § 43.28, Fla. Slat. (1995) (county must provide appropriate courtrooms, facilities and equipment); id. § 914.06 (county must pay for the services of expert witnesses in criminal cases for indigent defendants); id. § 914.11 (county must pay costs associated with procuring attendance of witnesses for indigent defendants); id. § 921.09 (county must pay fees of physicians who examine defendants who allege insanity as a cause for not pronouncing sentence); id. § 921.12 (county must pay fees of physicians who examine defendants who allege pregnancy as a cause for not pronouncing sentence); id. § 925.035(6) (county must compensate appointed attorney and pay all costs associated with trial, appeal, second trial, and application for executive clemency for indigent capital defendant).