PER CURIAM.
Appellants in these three cases are under sentences of death and have before us in separate proceedings appeals of the denial of their respective Florida Rule of Criminal Procedure 3.850 motions. Each of the three trial courts has rendered an order designating the Office of the Capital Collateral Regional Counsel-Middle (CCRC-M) financially responsible for certain costs associated with capital collateral postconviction. We have on appeal those three orders affixing financial responsibility and have jurisdiction over these three appeals as they are incident to capital postconviction proceedings. See art. V, § 3(b)(1), Fla. Const.; Porter v. State, 700 So.2d 647 (Fla.1997). We consolidated these three cases for decisional purposes and now affirm the trial courts’ orders.
The facts of these three cases are nearly identical.[1] Appellants filed motions in the trial courts to be declared indigent for postconviction purposes and seeking to have the county pay court reporter fees for transcripts of the proceedings. Appellants also sought to have the county pay the clerks of the circuit courts’ statutory fees associated with the clerks’ preparation of the records on appeal or, alternatively, to have the court waive the clerks’ fees. The trial courts found appellants to be indigent but uniformly ruled that CCRC-M, and not the counties, was financially responsible for the transcription fees and the clerks’ fees for preparing the records on appeal. The trial courts found no authority for courts to waive the clerk’s fees in capital postconviction cases where appellants are represented by CCRC.[2]
Appellants first argue that we misread the capital postconviction statutory scheme when deciding Hoffman v. Haddock, 695 So.2d 682 (Fla.1997), Porter v. State, 700 So.2d 647 (Fla.1997), and Orange County v. Williams, 702 So.2d 1245 (Fla.1997). Appellants insist that the current statutory scheme mandates that the counties, and not CCRC, are financially responsible for paying the court reporter fees associated with transcribing capital postconviction proceedings. We disagree. In 1997, we squarely held that the Office of the Capital Collateral Representative (CCR), the predecessor to the three current CCRC offices, was financially responsible to pay the court reporter fees associated with the transcription of capital postconviction proceedings. See Porter, 700 So.2d at 648. We grounded this holding on our opinion in Hoffman, 695 So.2d at 684, where we decided that sections 27.7001, 27.705(3), and 43.28, Florida Statutes (1995), directed CCR and not the counties to be “responsible for the payment of all necessary costs and expenses” of capital postconviction proceedings. Since we decided Porter and Hoffman, section 43.28 has not been amended, and there have been no substantive changes to sections 27.7001 or 27.705(3) that disrupt our conclusions in those cases.[3]
*723 Appellants argue that sections 27.006 and 27.0061, Florida Statutes (2000), require the transcript costs to be taxed as costs. They assert that under these statutes, transcript costs should be borne by the county with the county seeking reimbursement from the State. However, both sections 27.006 and 27.0061 existed in then-present form when we decided Porter and Hoffman. We do not read these statutes as requiring counties to pay for transcripts in capital postconviction proceedings, as the Legislature has specifically designated CCRC to be financially responsible for all necessary capital postconviction costs. See § 27.705(3), Fla. Stat. (2000). Accordingly, we find no reason to depart from our decision in Porter, 700 So.2d at 648, affixing financial responsibility for transcript costs with CCRC.
Appellants next argue that section 43.28, Florida Statutes (2000), requires counties to pay the statutory clerk’s fees assessed to prepare the record on appeal in capital postconviction proceedings. As appellants point out, this Court has never directly addressed whether CCRC is financially responsible for the clerk’s fees. Section 43.28 requires that “counties shall provide appropriate courtrooms, facilities, equipment, and unless provided, by the state, personnel necessary to operate the circuit and county courts.” (Emphasis added.) As Hoffman and its progeny indicate, the Legislature designated that in capital postconviction proceedings, CCRC is “responsible for the payment of all necessary costs and expenses.” Hoffman, 695 So.2d at 684. Consistent with Hoffman, we find that section 27.705(3), Florida Statutes (2000), imposes upon CCRC the obligation to pay the clerk of the circuit court’s fees associated with the clerk’s preparation of the record on appeal in capital postconviction cases. Cf. Long v. Pittman, 699 So.2d 1351 (Fla.1997) (CCR must pay usual clerk’s fees to receive photocopies of court files.).[4]
Our opinion in Miami-Dade County v. Jones, 793 So.2d 902 (Fla.2001), did not change this existing precedent. In Jones, we determined that the county must pay the compensation of court-appointed neutral mental health experts advising the court regarding a defendant’s competency. See id. at 906. In doing so, we distinguished Hoffman and Williams, noting the costs at issue in those cases were partisan costs. See id. In Jones, we did not recede from Porter. The clerks’ fees at issue in these cases are like transcript costs, which we have already determined are the financial responsibility of CCRC. See Porter, 700 So.2d at 648. Importantly, in Jones, we found a statutory basis requiring counties to pay for competency exams. See Jones, 793 So.2d at 906 (“[W]e determine that section 916.115, Florida Statutes (2000), dictates that the County has financial responsibility for the court expert witness cost....”). In contrast, there is no statutory basis requiring counties to pay the clerk’s fees in capital postconviction proceedings where the capital defendant is represented by CCRC. As we stated in Milligan v. Palm Beach County Bd. of County Comm’rs, 704 So.2d 1050, 1052 (Fla.1998), “when the legislature has intended counties to pay certain costs, it has expressly provided for such disbursements.” Thus, Jones does not apply to the instant case.
*724 We also reject appellants’ suggestion that the clerk’s fees may be waived by the trial court. Appellants point to no authority authorizing the waiver of the clerk’s fees associated with the preparation of the record in capital postconviction proceedings where appellants are represented by CCRC. In fact, we previously have denied a mandamus petition by CCR seeking to have a clerk of the circuit court provide without cost copies of various court files. See Long, 699 So.2d at 1351. We stated:
The petition is denied to the extent that it seeks to require respondent to provide petitioner copies of the court file(s) without charge. Petitioner is represented by the Office of the Capital Collateral Representative (CCR), and the records are sought as part of that representation. Therefore, the copies of the court file(s) are to be produced upon payment by CCR of the usual charges for copies of such records charged by respondent. See Porter v. State, 700 So.2d 647 (Fla.1997); Hoffman v. Haddock, 695 So.2d 682 (Fla.1997).
Long, 699 So.2d at 1351. We do not depart from our reasoning in Long. We conclude that, as appellants are represented by CCRC-M, no authority exists which would authorize a court to waive the clerk’s fees associated with preparing the record on appeal in postconviction capital proceedings.
Accordingly, we affirm the trial court orders under review and hold that the various Offices of Capital Collateral Regional Counsel are financially responsible for paying the clerk’s fees associated with the preparation of the record on appeal in capital postconviction proceedings. We further conclude that these fees may not be waived where an appellant is represented by one of the CCRC offices. No motion for rehearing will be allowed.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE, LEWIS, and QUINCE, JJ., concur.
ANSTEAD, J., concurs in result only.

.While the motions and arguments raised below varied among the three cases, those variations are not relevant because the issues addressed in this opinion were sufficiently raised in at least one of the cases below. As we affirm the. trial courts’ orders, we do not need to detail those arguments raised in each proceeding.

. The trial court in Gaskin did not address the transcript or waiver issues.

. In 1997, we also decided Orange County v. Williams, 702 So.2d 1245, 1248 (Fla.1997), wherein we held that CCR was responsible for the litigation expenses incurred by volunteer capital postconviction counsel. Our de *723 cision in Williams was based on Hoffman. See Williams, 702 So.2d at 1248.

. We also reject without comment appellants’ glancing suggestion that section 57.091, Florida Statutes (2000), provides a statutory basis requiring counties to pay the clerk’s costs associated with preparing the record on appeal in capital postconviction proceedings.