PER CURIAM.
The petitioner, Freddie Lee Williams, is a Florida prisoner whose conviction for first-degree murder and sentence of death were affirmed by this Court in Williams v. State, 437 So.2d 133 (Fla.1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984). Here the petitioner seeks a writ of habeas corpus. We have jurisdiction, article V, section 3(b)(9), Florida Constitution, and deny the writ.
In this petition Williams alleges that hereceived ineffective assistance of appellate counsel. The first instance in support of petitioner’s claim centers on certain language used by the trial judge in his sentencing order:
At the penalty phase [of the] trial the defendant presented evidence from rela: tives and friends that he is a good person and that he was kind to them. This evidence does not rise to a non-statutory mitigating circumstance which could offset the aggravating circumstance.
437 So.2d at 136. Petitioner argues here that this statement evidences that the trial court did find the existence of a non-statutory mitigating circumstance, and that appellate counsel was grossly ineffective for informing this Court that no mitigating factor was found. According to petitioner’s argument, this error by appellate counsel was crucially prejudicial to petitioner because the absence of any mitigating factor allowed this Court, under our proportionality analysis, to distinguish petitioner’s case from other similar cases and to affirm petitioner’s sentence of death. Id. at 137.
We reject petitioner’s interpretation of the trial court’s sentencing order and, therefore, petitioner’s claim that appellate counsel was ineffective for failing to argue such an interpretation. The trial court’s order demonstrates that the testimony that petitioner was a good person did not rise to the level of a mitigating circumstance. Failing to advocate an ingenious but invalid interpretation of the trial court’s order in this case did not render appellate counsel ineffective.
In a further attempt to relitigate the proportionality issue, petitioner directs our attention to Ross v. State, 474 So.2d 1170 (Fla.1985), and Herzog v. State, 439 So.2d 1372 (Fla.1983) which were decided subsequent to our decision in petitioner’s case. Petitioner asserts that these cases are still relevant in a proportionality analysis.[1] We reject this suggestion. Neither Ross nor Herzog represented a major constitutional change which would mandate retroactive application. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). To accept petitioner’s suggestion would render a proportionality analysis on direct appeal a futile exercise. Cases where the death penalty is affirmed on direct appeal would thus he capable of being relitigated under the guise of a petition for habeas corpus, as evolutionary refinements in the case law would undoubtedly produce enough variant results to at least arguably present an avenue of attack on proportionality grounds. See Witt, 387 So.2d at 931 (England, J., concurring). See also Sulli *892 van v. State, 441 So.2d 609, 614 (Fla.1983). The proportionality issue was fully litigated in petitioner's direct appeal, 437 So.2d at 136-137, and it is axiomatic that a habeas proceeding will not serve as a second appeal.
Petitioner alleges that appellate counsel should have raised four trial errors as grounds for reversal. Petitioner’s suggestion that the informations introduced at the sentencing phase charging petitioner with prior violent assaults was error is meritless. We note that the judgments and convictions were introduced along with the informations. It is not error to admit testimony during the penalty phase concerning events which resulted in prior convictions, see Elledge v. State, 346 So.2d 998 (Fla.1977), and appellate counsel was not ineffective for failing to raise this issue on appeal.
The petitioner’s next claim is that appellate counsel was ineffective for failing to raise several allegedly improper prosecu-torial comments as grounds for reversal. We have once again reviewed the transcripts from petitioner’s trial and find this claim meritless. The prosecutor’s argument that petitioner was a “cold, calculated type of person” was not objected to at trial, and assuming it was improper, it was not the type of fundamental error which could have been raised on appeal absent an objection. We reject petitioner’s baseless assertion that the prosecutor implied petitioner would kill again if the death penalty was not imposed. The prosecutor’s statement was merely a comment on the evidence, (i.e., petitioner’s prior convictions). Petitioner’s claim that introducing the informa-tions coupled with the prosecutor’s improper comments effectively allowed the jury to consider a non-statutory aggravating factor is equally unavailing.
We have carefully considered the other claims raised by petitioner and find they are meritless and unworthy of discussion.
Accordingly, the petition for writ of ha-beas corpus is denied.
It is so ordered.
MCDONALD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.

. Petitioner offers two grounds in support of this argument. First is the contention, which we reject, that appellate counsel misinterpreted the trial court’s order on the existence of a mitigating circumstance. The second is that, appellate counsel was ineffective for failing to argue as a mitigating factor that petitioner had' been drinking alcoholic beverages prior to the murder. According to this theory, petitioner’s intoxication at the time of the crime would have made his case indistinguishable from Ross. We reject this suggestion as well and note the evidence at trial showed the petitioner was not intoxicated, although he had been drinking. Appellate counsel did bring this fact to the court’s attention on direct appeal. We also note that intoxication was not presented at the penalty phase as it would have been totally inconsistent with petitioner’s theory that he did not commit the murder. Failing to raise new but unacceptable theories in mitigation for the first time on appeal does not render counsel ineffective.