526 So.2d 1023 (1988)
BREVARD COUNTY BOARD OF COUNTY COMMISSIONERS, Petitioner,
v.
The Honorable John Dean MOXLEY, Jr., Respondent.
No. 88-648.
District Court of Appeal of Florida, Fifth District.
June 16, 1988.
*1024 William E. Curphey and Shannon L. Wilson, Merritt Island, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.

ON PETITION FOR WRIT OF CERTIORARI
COBB, Judge.
Brevard County seeks certiorari review of a circuit court order requiring it to pay attorney fees and costs on behalf of a movant for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The movant, Leslie Brunskill, although indigent, could not be represented by either the public defender or his appointed trial counsel because of conflicts of interest.[1]
The trial judge before whom Brunskill's 3.850 motion was filed found that he was indigent and that appointment of counsel was constitutionally required. Attorney Burton J. Green was appointed, and, pursuant to a noticed hearing, the trial judge ordered Brevard County to pay Green's attorney fees and costs. This order is now challenged by the instant petition as being unauthorized under extant law. The challenged order provides as follows:
ORDER
This matter came before the Court the 2nd day of March, 1988, on Defendant's Motion for Payment of Interim Attorneys Fee and For Authorization To Retain Services of A Private Investigator. The Defendant, and counsels for the Defendant, the State Attorney and Brevard County being present, and the Court hearing argument of counsel and being advised of the premises makes the following findings of fact and law:
1. The appointment of attorney Burton J. Green to represent the defendant in this Rule 3.850 proceeding was necessary and mandatory to fulfill the State's obligation under the 6th and 14th Amendments to the United States Constitution. Williams v. State, 472 So.2d 738 (Fla. 1985) and Graham v. State, 372 So.2d 1363 (Fla. 1979). Said attorney is therefore a necessary court personnel pursuant to F.S. 43.28 (1987), See, In Interest D.B., 385 So.2d 83 (Fla. 1980), and therefore Brevard County, Florida is lawfully the agency responsible for the payment of any attorney's fee and costs.
2. Brevard County, Florida has argued that Songer v. Citrus County, Florida, 462 So.2d 54 (Fla. 5th DCA 1984) precludes it from being held to be legally liable for said attorney's fees and costs. To hold Songer determinative of the law when applied to the facts of this case would cause Florida Statutes 27.53, 925.035 and 925.036 to be unconstitutional as applied and would constitute a denial of Defendant's constitutional entitlement to equal protection of the law under the United States and Florida constitutions. For these reasons the Court *1025 specifically determines that Songer is not applicable to this cause.
3. Having determined that Brevard County, Florida is liable for such attorney's fee and costs as the Court shall award, it is not now appropriate to enter an interim attorney's fee or costs award. Wherefore it is,
ADJUDGED that:
1. The Defendant's court-appointed attorney, Burton J. Green, is entitled to be paid for his services and the reasonable costs incurred in discharging the constitutional duties that necessitated his appointment, including if appropriate, the expense of a private investigator or other essential personnel.
2. Brevard County, Florida, is the appropriate and responsible party to make payment of any attorney's fees and costs incurred by the court-appointed attorney, Burton J. Green, as may be awarded by this court, notwithstanding Songer v. Citrus County, Florida.

3. The Court GRANTS the motion insofar as to clarification of the legal responsibility of Brevard County, Florida for the eventual payment of any attorney's fee and costs, including the use of any third party, such as a private investigator, should that be determined to be an essential personnel necessary to said attorney's ability to provide the type of effective assistance of counsel mandated by the 6th Amendment obligation of the State, and DENIES the request for an interim award of an attorney's fee.
4. The Court reserves jurisdiction on the issue of the amount and reasonableness of any attorney's fee or costs to be awarded and as to such other matters in the motion not disposed of herein.
ORDERED at Titusville, Florida, this 4th day of March, 1988.
We agree with the trial judge that our prior case of Songer v. Citrus County, Florida, 462 So.2d 54 (Fla. 5th DCA 1984) is not pertinent to the instant issue. Songer was a narrowly limited opinion which upheld a trial court's determination that nothing in section 27.53, 925.035 or 925.036, Florida Statutes (1983) authorized the imposition of attorney fees on a county for the representation of a criminal defendant in post-conviction collateral proceedings. Apparently, section 43.28, Florida Statutes (1983) was never raised or considered in that case, as it should have been. Section 43.28, Florida Statutes (1987), which is applicable to the instant case, provides:
43.28 Court facilities.  The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.
The applicability of the foregoing statute was discussed by the Florida Supreme Court in In Interest of D.B., 385 So.2d 83 (Fla. 1980). Therein, it was held that the United States Supreme Court, in establishing a constitutional right to counsel in certain cases, has placed the obligation to provide that counsel on the government rather than the individual members of the legal profession. The court specifically held:
In our opinion, when appointment of counsel is constitutionally required to represent an indigent, the case cannot proceed without such an appointment; consequently, such counsel is `personnel necessary' to operate the court. In such an instance, the trial court may require the county to pay appropriate attorney's fees for such representation absent any other statutory provision.
385 So.2d at 93.
The court also stated:
When appointment of counsel is desirable but not constitutionally required, the judge should use all available legal aid services, and when these services are unavailable, he should request private counsel to provide the necessary services. Under these circumstances, no compensation is available, and the services are part of the lawyer's historical professional responsibility to represent the poor.
Id. at 92.
In the instant case we are not concerned with the appointment of counsel which was merely desirable. The trial court determined that it was constitutionally required, and that determination was not *1026 challenged by Brevard County at noticed hearing before the trial court. Indeed, Brevard's certiorari petition before this court specifically does not take issue with the trial court's appointment of Attorney Green. The petitioner, in its reply brief, has attempted to belatedly challenge the constitutional necessity of Green's appointment. We find this to be improper. See Lynch v. Tennyson, 443 So.2d 1017, 1019 (Fla. 5th DCA 1983).
Brevard County basically argues that Attorney Green cannot be considered as "personnel necessary to operate the Circuit Court" under section 43.28 in regard to Brunskill's 3.850 motion because he is not a person "necessary to conduct the daily business or operations of the Courts, i.e., bailiffs, clerks and court reporters." Brevard contends Green is an independent contractor and not an employee of the county or part of its personnel. Brevard concedes that its position, if accepted, leaves the courts "in the unenviable position of having to appoint counsel, but without any means to assure just compensation." It is obvious that Brevard's argument is directly refuted by the language in In Interest of D.B.
We recognize that a prisoner has no absolute constitutional right to appointed counsel in a collateral attack on his conviction. Pennsylvania v. Finley, ___ U.S. ___, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Finley, however, deals with the right to counsel imposed upon the states by the sixth amendment. On the other hand, the Florida cases of Williams v. State, 472 So.2d 738 (Fla. 1985) and Graham v. State, 372 So.2d 1363 (Fla. 1979) are the progeny of State v. Weeks, 166 So.2d 892 (Fla. 1964), which is predicated upon a provisional right to counsel generated by the fifth amendment and by the Florida Constitution. In Weeks, the Florida Supreme Court was concerned with an indigent prisoner's entitlement to the assistance of counsel as a matter of right upon an appeal from an adverse ruling in a collateral assault on his conviction and sentence. The Florida Supreme Court recognized there was no organic entitlement under the sixth amendment to have the assistance of counsel as a matter of right in a post-conviction collateral proceeding. However, it also held that "such remedies are subject to the more flexible standards of due process announced in the fifth amendment, Constitution of the United States" where the post-conviction motion presents an apparently meritorious claim for relief and is potentially so complex as to suggest the need for counsel. Id. at 896. Subsequently, in Graham, the elements to be considered by the trial court in deciding upon appointment of counsel were explicated by the supreme court: "The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research." 372 So.2d at 1366. Graham reiterated the Weeks admonition that although the appointment authority in a post-conviction collateral proceeding is discretionary, any doubts must be resolved in favor of an indigent defendant.
It is important to note that in Weeks the due process requirements were considered pursuant not only to the fifth amendment of the United States Constitution, but on the basis of section 12, Declaration of Rights, Florida Constitution (1885). This due process provision has been retained in Article I, section 9, of the current Florida Constitution as revised in 1968.
Accordingly, the petition for writ of certiorari is
DENIED.
COWART and DANIEL, JJ., concur.
NOTES
[1] At Brunskill's first degree murder trial the public defender represented a codefendant, which necessitated appointment of private counsel for Brunskill. The issue raised by the 3.850 motion concerns the effectiveness of that appointed trial counsel.