702 So.2d 1245 (1997)
ORANGE COUNTY, etc., Appellant,
v.
Freddie Lee WILLIAMS, Appellee.
No. 90143.
Supreme Court of Florida.
September 11, 1997.
Rehearing Denied December 11, 1997.
*1246 George L. Dorsett, Assistant County Attorney, Orlando; and Robert A. Butterworth, Attorney General, and Kenneth S. Nunnelley, Assistant Attorney General, Daytona Beach, for appellant.
Martin J. McClain, Chief Assistant CCR, and Sylvia W. Smith, Staff Attorney, Office of the Capital Collateral Representative, Tallahassee; and Chandler R. Muller of the Law Offices of Chandler R. Muller, P.A., Winter Park, for appellee.
PER CURIAM.
Orange County appeals an order of the trial court requiring the County to pay the costs associated with Freddie Lee Williams' motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Williams is a prisoner under sentence of death. See Williams v. State, 437 So.2d 133 (Fla.1983) (affirming first-degree murder conviction and sentence of death), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984). We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reasons discussed below, we vacate the trial court order.
Williams has been represented by volunteer collateral counsel Chandler R. Muller since 1986.[1] Muller represented Williams when he sought a writ of habeas corpus from this Court in 1987. See Williams v. Wainwright, 503 So.2d 890 (Fla.) (denying habeas petition), cert. denied, 484 U.S. 873, 108 S.Ct. 211, 98 L.Ed.2d 163 (1987). Muller also represented Williams in his rule 3.850 motion filed with the trial court. On March 7, 1996, the court granted Williams an evidentiary hearing as to three claims involving ineffective assistance of trial counsel relating to the preparation for and handling of the penalty phase proceedings. In April 1996, Williams filed a motion for costs in order to obtain investigative assistance and expert witnesses and for other litigation expenses related to the hearing. The motion outlined the following facts. At the time Muller undertook collateral representation in 1986, he was a senior partner in a law firm that provided staff support to him. Muller has subsequently opened his own law office and practices with just one associate and no longer has the same time and financial resources available to him. Muller also lost the support of the Volunteer Lawyers Resource Center which closed in March 1996 after losing its U.S. Government funding. Additionally, at the time the motion for costs was filed, the Office of Capital Collateral Representative (CCR) had informed this Court that it was unable to take on new cases due to an overwhelming caseload.
After considering the motion, the arguments of counsel, and the record in the case, Circuit Judge Michael F. Cycmanick entered an order granting Williams' motion for costs. *1247 The court ruled that CCR was not obligated to absorb the costs because Williams was represented by private volunteer counsel. The court further found the costs proposed by Williams to be "necessary to afford the Defendant due process at an evidentiary hearing and to permit this Court to address this complex postconviction claim." Citing section 43.28, Florida Statutes (1995),[2] and Brevard County v. Moxley, 526 So.2d 1023 (Fla. 5th DCA 1988),[3] the circuit court concluded that Orange County was responsible for paying these costs. Orange County appealed the order to the Fifth District Court of Appeal, which transferred the appeal to this Court based upon our plenary jurisdiction over death penalty cases. See art. V, § 3(b)(1), Fla. Const.
The issue presented is who is responsible for the costs incurred by a lawyer providing pro bono representation to a death-sentenced person in a postconviction proceeding when CCR was not counsel and the pro bono counsel was not acting as substitute counsel or court-appointed counsel due to a conflict of interest as provided in section 27.703, Florida Statutes (1995).[4]
Counties are obligated by statute to pay for attorney fees and costs for indigent defendants, both at trial and on appeal. See, e.g., §§ 914.11 (county must pay costs associated with procuring attendance of witnesses for indigent defendant); 925.035(6) (county must compensate appointed attorney and pay all costs associated with trial, appeal, second trial, and application for executive clemency for indigent capital defendant); 925.036 (specifies the amount of compensation for representation by counsel appointed under section 925.035; only specifies fees for various offenses at the trial level and on appeal); 939.07 (county must pay legal expenses and costs for indigent defendant in all criminal cases prosecuted in name of state), Fla. Stat. (1995). There are no statutory provisions that impose an obligation on the counties to pay the costs of collateral litigation. In the order granting Williams' motion for costs, the court cited section 43.28 as imposing that responsibility on the County. Presumably, the judge relied upon the portion of the statute that requires the counties to provide "the personnel necessary to operate the circuit and county courts." However, the phrase "unless provided by the state," which immediately precedes the necessary personnel language, mandates a different result in this case.
In chapter 27, the legislature created CCR to provide collateral representation to persons convicted and sentenced to death. The legislative intent originally was to provide collateral representation for death-sentenced individuals who were "unable to secure counsel due to indigency." § 27.7001, Fla. Stat. (1995). The legislature recently amended this provision to express the intent that collateral representation be provided to "any person convicted and sentenced to death in this state." § 27.7001, Fla. Stat. (Supp.1996) (emphasis added). The duties of CCR include representing such individuals "for the purpose of instituting and prosecuting collateral *1248 actions challenging the legality of the judgment and sentence imposed against such person[s]" in state and federal courts. § 27.702, Fla. Stat. (1995 & Supp.1996). Under either the original version of the statute (which was in effect when Williams' counsel volunteered his services for collateral representation in 1986) or the current statute, Williams was eligible for representation by CCR: he has been sentenced to death and was previously adjudged indigent for purposes of obtaining trial counsel, and his financial situation has not changed as he has been incarcerated since his conviction in 1981.
In our recent opinion in Hoffman v. Haddock, 695 So.2d 682 (Fla.1997), we stated that "chapter 27 expressly directs that CCR is to provide for the collateral representation of any person convicted and sentenced to death in this state and is to be responsible for the payment of all necessary costs and expenses." Id. at 684. Hoffman involved a death-sentenced individual who was and had been represented by CCR. The fact that Williams is represented by volunteer counsel, not CCR, does not change the outcome here. Given the specific directives contained in chapter 27, the County cannot be compelled to pay the costs here. See Hoffman, 695 So.2d at 684. Thus, we vacate the trial court's order in this case.
As to the issue of who should pay the costs of Williams' postconviction proceeding, we consider three options: 1) the volunteer counsel; 2) the Justice Administrative Commission; or 3) CCR. The first option is not a viable choice from a policy standpoint: attorneys will be unwilling to volunteer for postconviction proceedings if they have to pay the litigation expenses. Cf. Leon County v. Harmon, 589 So.2d 429 (Fla. 1st DCA 1991) (holding that private counsel representing capital defendant at trial should receive costs from the county), review denied, 595 So.2d 557 (Fla.1992). The Attorney General argues that Williams' litigation expenses should be paid from the Justice Administrative Commission funds as there is no statutory limitation prohibiting the Commission from paying these costs. The Attorney General asserts that the Commission is the most appropriate source of funds in view of its statutory duty to provide administrative services and assistance to CCR[5] and the legislative intent that conflict counsel be paid from Commission funds.[6] However, section 27.703 speaks specifically of paying appointed counsel where CCR has a conflict of interest, which is not the situation in the instant case. Thus, by its plain language section 27.703 does not apply here. The Attorney General further argues that, regardless of the source of the funds, Williams' litigation expenses should be calculated based on the guidelines applied in conflict counsel cases.[7]
As to the third option, CCR clearly would have been statutorily responsible for representing Williams had pro bono counsel not volunteered his services. Although not directly on point, the cases dealing with litigation costs for volunteer counsel at the trial level are analogous. In those cases, the courts have imposed the costs on the entity that would have to pay the costs absent volunteer counsel. See, e.g., Harmon; Behr v. Gardner, 442 So.2d 980 (Fla. 1st DCA 1983). In the case of trial costs, the counties are statutorily required to pay those costs. In the case of postconviction proceedings, CCR is statutorily charged with representation and "is to be responsible for all necessary costs and expenses." Hoffman, 695 So.2d at 684.
Based upon the pertinent statutes and cases, we hold that CCR is responsible for the litigation expenses incurred by volunteer postconviction counsel.[8] However, because *1249 CCR has no control over such counsel, their litigation expenses should be calculated based on Judge Schaeffer's guidelines, which we include as an appendix to this opinion.[9]
Accordingly, we vacate the trial court's order granting Williams' motion for continued payment of costs and remand for proceedings consistent with this opinion. We also order that Williams' 3.850 motion proceed to evidentiary hearing within ninety days of the date that this decision becomes final.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX
The following guidelines were established by Circuit Judge Susan F. Schaeffer in her capacity as the judicial officer designated by the Florida Supreme Court to determine reasonable attorney fees, costs, and expenses for conflict capital representative counsel in postconviction relief proceedings.
Excerpt from Administration of Funds Memorandum, February 10, 1997:
1) Attorney Fees. For those of you who are not volunteer lawyers, attorney's fees will be set at $100.00 per hour for all reasonable and necessary work, both in and out of court.
2) Number of Attorneys. I will not pay more than one attorney for any work done. If there are two or more attorneys working on the case, they may split the work any way they want to, but may not duplicate it. For example, if one lawyer attends a deposition, or an interview of a witness, or a hearing, that lawyer will be paid. If two or more lawyers attend a deposition, or an interview of a witness, or a hearing, only one lawyer will be paid. You can arrange any split between you or among you that you want, but I will pay only one of you.
In the event one lawyer is working pro bono and one lawyer is being paid, I will, of course, pay the lawyer who is not working pro bono even if both attorneys attend a deposition, hearing, etc.

3) Experts.

a) Psychiatrists and Psychologists
I will pay psychiatrists and psychologists up to $150.00 per hour, although I will expect you to negotiate a lower rate if you can. Of course, the work must be reasonable and necessary. I will strenuously question your need to have more than one doctor, except in the rarest of circumstances.

b) Other experts
I will pay a reasonable hourly rate depending on the type of expert used. It is impossible to be more specific than this since I can't possibly speculate on the various experts you might need.
I expect you to use local or nearby experts when possible. This will keep travel costs down.

4) Investigators.

Many of you will be working at a reduced hourly rate, and I expect your investigators to do likewise. I will pay $35.00 per hour for typical investigative work. If your investigator is doing work which would otherwise be done by youpreparing witnesses for hearings, talking to experts, preparing mitigation presentations, etc., I will pay $50.00 per hour.

5) Travel.

Travel costs, including mileage and per diem, will be paid pursuant to F.S. § 112.061. You should ask for government rates at hotels. Rental cars will not generally be approved.

6) Other.

It is impossible at this time to address all costs and expenses. As petitions are filed, and I get a feel for common costs and expenses, I will do another memorandum.

Motions to Incur Costs
These motions are to be heard before the judge who is hearing the collateral proceeding. However, you and the trial judge must understand that I am charged with finally determining that the costs were reasonable and necessary.
....
*1250 I ... expect your experts to send you a bill that breaks their services into hours and function.
Excerpt from Administration of Funds Memorandum No. II, May 7, 1997:
1) Paralegals/Law Clerks. These fees will be paid at $35 per hour. And, remember, no duplication of work will be paid. So if you and your law clerk attend a hearing, I will pay only you. Please seperate paralegal/law clerk time in your petitions.
2) Secretarial Costs. You must absorb these out of your attorney fees.
3) Travel Time. For those of you who submitted bills last quarter, I paid 1/2 of your hourly fee, or $50 per hour for all travel. Based on the severe shortage of funds, I have decided that I will not be able to pay for travel time within your county. For out of county travel, I will pay $50 per hour. Please seperate out of county travel time from your other time in your petitions.
4) Copy Costs. This will be paid at .15 cents per page or the actual amount spent, whichever is less.
5) Service of Process. The sheriff should serve subpoenas at no cost since your defendants ane indigent. Since you can use the sheriff at no cost, do not bill for private process servers, unless there were exigent circumstances which must be explained to my satiffaction.
NOTES
[1] Volunteer collateral counsel such as Mr. Muller have provided a great service for the benefit of the public and The Florida Bar by providing such legal representation pro bono. Such service is a credit to the legal profession of Florida.
[2] Section 43.28, Florida Statutes (1995), provides:

The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, the personnel necessary to operate the circuit and county courts.
[3] In Moxley, the district court concluded that the attorney fees and costs for conflict counsel representing a noncapital defendant in postconviction proceedings must be borne by the county pursuant to section 43.28. 526 So.2d at 1026.
[4] Section 27.703, Florida Statutes (1995), provides:

If at any time during the representation of two or more indigent persons, the capital collateral representative shall determine that the interests of those persons are so adverse or hostile that they cannot all be counseled by the capital collateral representative or his or her staff without conflict of interest, the sentencing court shall upon application therefor by the capital collateral representative appoint one or more members of The Florida Bar to represent one or more of such persons. Appointed counsel shall be paid from dollars appropriated to the Office of the Capital Collateral Representative.
This statute was amended in 1996 to provide that such appointed counsel "shall be paid from funds appropriated to the Justice Administrative Commission." § 27.703, Fla. Stat. (Supp.1996). The statute was also amended to delete reference to indigents in accordance with the 1996 amendment of the duties of CCR to include representation of "each person convicted and sentenced to death in this state in collateral postconviction proceedings." § 27.702(2), Fla. Stat. (Supp. 1996).
[5] § 43.16(5)(a), Fla. Stat. (1995).
[6] § 27.703, Fla. Stat. (Supp.1996).
[7] Circuit Judge Susan Schaeffer of the Sixth Judicial Circuit was authorized by this Court to determine reasonable fees and costs for attorneys handling capital collateral proceedings as conflict counsel. Fla. Admin. Order No. 97A-040 (Fla. Oct. 25, 1996) (on file with Clerk, Fla. Sup.Ct.). Judge Schaeffer subsequently issued memoranda containing guidelines as to reasonable fees and costs. See Memorandum Re: Administration of Funds (Feb. 10, 1997): Memorandum Re: Administration of Funds, No. II (May 7, 1997).
[8] In recognition of our determination that litigation expenses incurred by volunteer postconviction counsel are the responsibility of CCR, we request the legislature to consider these costs, past and future, in the appropriations for CCR's budget.
[9] The trial court may deviate from these guidelines only upon a showing of good cause.