ON MOTIONS TO QUASH

HARRIS, Judge.
A collateral issue in these ten cases which we have consolidated for review is whether Marion County can be ordered to pay the appellate filing fees for indigent defendants in their criminal appeals. In each of these cases, the appellants are criminal defendants who have been found to be insolvent for the purpose of appeal. In' each ease, the Clerk of this Court has issued an order, accompanied by an invoice, that the Clerk of the *1245 Circuit Court for Marion County, in accordance with section 939.15, Florida Statutes, pay the appellate court filing fee. In each case, the Clerk of Marion County, David Ellspermann, has filed a Motion to Quash said order.
It has been the practice of this court since its inception, and other appellate courts of this state long before us, to “order” the counties to pay the appellate filing fees of insolvent criminal defendants pursuant to the provisions of section 939.15, Florida Statutes:
When the defendant in any criminal case pending in any circuit or county court, a district court of appeal, or the supreme court of this state has been adjudged insolvent by the circuit court or the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal ... the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of the certified copy of the judgment of the court against such county for such costs. However this section does not apply to indigent defendants- represented by the public defender. In such cases, costs incurred pursuant to s. 27.54(3) shall be paid by the county upon certification by the public defender as being useful and necessary in the preparation of a criminal defense, provided that the reasonableness of such expenses may be contested by the county in the criminal proceeding.
Until this year, there was no problem with the counties complying with our order to pay appellate filing fees for indigents convicted of criminal offenses. The very fact that we have so interpreted this statute for so long with the apparent agreement of the counties should lend some support to our historic interpretation of the statute. The fact that for many years the counties have had to account to the auditor general pursuant to section 27.3455(4), Florida Statutes, for the payment of all appellate filing fees without adverse comment from either the State or the counties should also lend support to our historic interpretation. Section 27.3455(4), Florida Statutes, demonstrates the legislative intent that counties expand funds for “[a]p-pellate filing fees in criminal cases in which an indigent defendant appeals a judgment of a county or circuit court to a district court of appeal or the Florida Supreme Court”.
However, in Milligan v. Palm Beach County Board of County Commissioners, Case No.CL 97-3951 AE, the trial court refused in an unpublished order, without sharing its reason, to require a recalcitrant Palm Beach County to pay indigent appellant fees. This order was appealed to the Fourth District (Case No. 97-2927) which passed[1] the case to our supreme court where it is now pending (Case No. 91,533). This appellate filing fee protest has now spread to this district and across the state. One county within this district has informed this court by letter that it will no longer pay these fees and another county has informed us that their payment is “under protest”. Obviously it is an issue that must ultimately be resolved by the supreme court. We will give our view of the issue and then certify the matter for supreme court resolution.[2]
In the above listed cases, Marion County has approached the issue in a most appropriate manner. Instead of merely not paying, it has challenged the issue head-on. It has suggested that there is no authority for this court to order it to pay the indigent appellate filing fees and has asked us to quash our previous orders. It is the Clerk of the Circuit Court of Marion County that raises the issue since it was to the Clerk that our orders were directed. The Clerk first asks: ‘Why me?” The answer is that Article VIII, Section 1(d) of the Florida Constitution makes the Clerk of the Circuit Court the ex officio Clerk of the Board of County Commissioners, recorder and custodian of county funds unless otherwise provided by county charter or special law approved by the voters. Further, the orders were directed to the Clerk of the Circuit Court of Marion County because we have been informed that the clerk acts as the Comptroller for Marion County. In short, the record before, us at this time reflects that the Clerk is the appro *1246 priate official to whom to direct the orders for payment.
The County’s primary argument is that section 939.15 simply does not give us the authority to order the filing fees to be paid by anyone, least of all the county. We will not pretend the statute is a model of clarity. And although construction is necessary, we admit that one interpretation does not loom over the other. It is a close issue. And even though we find authority in the statute for the enforcement of the obligation against the county, the county raises legitimate arguments that deserve response.
The County first argues that there has been no .“judgment” presented to it to pay the fees as required by the statute. We interpret the “judgment” requirement to refer to costs related to the trial court. The appellate courts do not issue judgments. We issue orders and mandates which are the legal equivalents of judgments. If the assessment of appellate filing fees against the county is otherwise authorized, we believe that our order is sufficient for the purpose intended.
The more difficult problem, because of the structure of the statute, is to determine what the legislature meant by the insertion of the following sentence into the statute: “However, this section does not apply to indigent defendants represented by the public defender.” The County argues that the county’s obligation to pay the costs of insolvent criminal defendants is eliminated if a public defender is appointed. The alternative interpretation is that it is only the procedure of requiring a “judgment” that is eliminated by the appointment of a public defender. This second alternative seems more reasonable because the very next sentence of the statute provides that payment of costs shall be made, when there is a public defender appointed, not based on a judgment but based “upon certification by the public defender.” It appears that the intent of the 1989 amendment adding the last two sentences to section 939.15 was to make clear that the types of costs referred to in section 27.54(3), Florida Statutes, i.e. travel expenses, expert witness consulting fees, investigative costs, et. cetera, are to be certified by the person who incurred the charges and who is knowledgeable about them — the public defender. Comparing this amendment with the contemporary amendment to section 27.54 to like effect demonstrates that the legislative intent was to replace the procedure set forth in the earlier version of section 27.54, Florida Statutes (1987) (which required a “judgment” of the trial court) with the public defender certification procedure referenced in the 1989 versions of section 27.54 and 939.15.[3] We hold, therefore, that the county’s obligation to pay indigent costs has not been changed by the appointment of a public defender.
The County points out that Florida Rule of Appellate Procedure 9.430 establishes that filing fees will not be charged to indigent defendants. While this is true, the rule merely recognizes an indigent defendant’s constitutional right to an appeal as set out in Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959), and was not intended to override the legislative requirement that the county pay the fees in lieu of the indigent defendants.
The County next asserts that the substantive law in relation to indigent filing fees is found in section 924.17, Florida Statutes (and not section 939.15). But section 924.17, by its terms, does not relate to whether costs should be paid on behalf of the indigent defendant but rather whether the filing of the appeal by such indigent should have the effect of a supersedeas. The statute provides that it does. We must keep in mind that since the county’s payment of indigent filing fees has often occurred weeks after the filing of the appeal, a provision relating to an immediate supersedeas is necessary. We find section 924.17 irrelevant to the issue before the court.
The Florida Supreme Court stated in Orange County v. Williams, 22 Fla. L. Weekly S552, 553, — So.2d —,—, 1997 WL 561276 (Fla. September 11, 1997), a case in which the issue was who should pay the costs involved in an action contemplated to be brought by the Office of Capital Collateral Representative:
*1247 [The] CCR clearly would have been statutorily responsible for representing Williams had pro bono counsel not volunteered his services. Although not directly on point, the cases dealing with litigation costs for volunteer counsel at the trial level are analogous. In those cases, the courts have imposed the costs on the entity that would have to pay the costs absent volunteer counsel. (Citation omitted). In the case of trial costs, the counties are statutorily required to pay those costs. In the case of postconviction proceedings, CCR is statutorily charged with representation and “is to be responsible for all necessary costs and expenses.” (Emphasis added).
We construe the court’s use of the term “postconviction costs,” because of the issue then before the court, to refer to costs incurred after the defendant’s conviction has been upheld through the supreme court and not to costs incurred through an appeal of the trial court conviction. This interpretation of this statement (as well as our historic intex-pretation of section 939.15) is also supported by the court’s further statement in Williams: “Counties are obliged by statute to pay for attorney fees and costs for indigent defendants, both at trial and on appeal.” Id.
Because we think the better interpretation of section 939.15 imposes the obligation on the counties to pay the costs of appellate filing fees of indigent defendants, we deny the County’s motions to quash our orders requiring such payment in these eases. However, recognizing the great public importance of the issue, we certify the following issue to the supreme court:
IS THE COUNTY IN WHICH THE CRIME WAS COMMITTED OBLIGATED TO PAY THE COSTS OF APPELLATE FILING FEES FOR INDIGENT DEFENDANTS?
MOTIONS TO QUASH DENIED.
GRIFFIN, C.J., and DAUKSCH, J., concur.

. See Fla. R.App. P. 9.125.

. See Fla. R.App. P. 9.030(A)(2)(v).

. See Ch. 89-118, § 1 at 269, Laws of Fla. and Ch. 89-129, § 1, at 305, Laws of Fla.