723 So.2d 853 (1998)
Joseph COLONEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1762.
District Court of Appeal of Florida, Third District.
November 25, 1998.
Jepeway & Jepeway, P.A., and Louis M. Jepeway, Jr., for appellant.
Robert A. Butterworth, Attorney General, and Keith S. Kromash, Assistant Attorney General, for appellee.
Robert A. Ginsburg, Dade County Attorney, and Jason Bloch, Assistant County Attorney, for Miami-Dade County.
Before NESBITT, GREEN, and FLETCHER, JJ.
NESBITT, J.
On Motion to Require Miami-Dade County to Pay Costs for Preparation of Transcript of Evidentiary Hearing on Motion for Post-Conviction Relief
In Colonel v. State, 700 So.2d 150 (Fla. 3d DCA 1997), this Court ordered an evidentiary hearing on Joseph Colonel's 3.850 motion, which had been summarily denied by the lower court. Colonel has been declared indigent and is being represented by counsel on a pro bono basis. Colonel filed a motion to require Miami-Dade County to pay for the cost of his transcript of the hearing. The lower court denied the motion; Colonel appeals.
Colonel argues that he has a constitutional right to a free transcript of the evidentiary *854 hearing and that the County is responsible for paying for the transcript. The State agreed with Colonel that the County should pay for the transcript. The County responded that there is no statutory requirement for it to cover the costs of Colonel's transcript. Further, the County contends that because there is no constitutional right to counsel in collateral criminal proceedings,[1] there is no right to transcript costs either. Alternatively, the County claims that the State is responsible for the costs.
Two issues arise here: first, do indigent defendants have a right to free transcripts of proceedings related to their collateral criminal appeals; second, if there is a right to the transcripts, what entity is required to pay for them, the State or the County? We find that indigent defendants have a constitutional right to transcripts of collateral proceedings and that the County is responsible for the cost of such transcripts.
An indigent defendant does have the right to a free transcript of a hearing conducted pursuant to his collateral criminal motion. The U.S. Supreme Court, in Griffin v. Illinois, 351 U.S. 12, 17-18, 76 S.Ct. 585, 100 L.Ed. 891 (1956), held that a State may not discriminate against convicted defendants because of their poverty by denying an indigent appellant a free transcript in his direct appeal. The Court later held, in Long v. District Court of Iowa, 385 U.S. 192, 193, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966), that an indigent appellant was entitled to a free transcript in a State postconviction proceeding.[2] The Court noted that "destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts," and that this principle was not limited to direct appeals, but extended to state postconviction proceedings. Id. at 194, 87 S.Ct. 362 (quoting Griffin, 351 U.S. at 19, 76 S.Ct. 585, and citing Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963)).
The Florida Supreme Court has confirmed this principle. See State v. Byrd, 378 So.2d 1231, 1232 (Fla.1979) (indigent defendant has constitutional right "to have his court costs, including the cost of his transcript, paid for by the government"). Florida has long recognized that although an indigent criminal appellant is not necessarily entitled to a complete transcript of the trial, he is entitled to a transcript of all proceedings pertinent to his collateral attack on a postconviction motion. See Cassoday v. State, 237 So.2d 146, 147 (Fla.1970); Hall v. State, 165 So.2d 428, 430 (Fla. 1st DCA 1964). Thus, Colonel is entitled to a free transcript of the hearing on his 3.850 motion.
The second question is whether the State or the County must pay for Colonel's transcript. There is statutory authority to assign the responsibility for transcript costs to the County. Section 939.15, Florida Statutes (1997) states:
Costs paid by county in cases of insolvency.When the defendant in any criminal case pending in ... a district court of appeal ... has been adjudged insolvent by the circuit judge or the judge of the county court, ... the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against the county for such costs.
Further, section 27.0061, Florida Statutes (1997), states:
Upon demand of the state attorney, or the presiding judge in any criminal case, or the defendant within the time allowed for taking an appeal in a criminal case, the court reporter shall furnish with reasonable diligence a transcript of the proceedings; and the costs for the same shall be taxed as costs in the case.
In our view, the most reasonable interpretation of section 939.15 is that in criminal cases pending before the District Court on an indigent defendant's timely appeal or collateral *855 motion, costs shall be paid by the County. "Costs" include transcripts pursuant to section 27.0061 and Byrd, 378 So.2d at 1232.
The cases relied on by the County to support a contrary interpretation are distinguishable. Milligan v. Palm Beach County Bd. of Commissioners, 704 So.2d 1050 (Fla. 1998), involved the question of whether the County was required to pay appellate filing fees on behalf of indigent defendants; the Court found that it did not, as there was no statutory basis for such a duty. In the instant case, however, transcripts are expressly identified as "costs" by section 27.0061, and "costs" for indigent defendants must be paid by the County pursuant to section 939.15.
The other case relied on by the County, Orange County v. Williams, 702 So.2d 1245 (Fla.1997), addressed the question of whether the County or the Capital Collateral Representative (CCR) was responsible for the investigative and expert witness costs associated with a 3.850 motion. The Williams Court did not even mention section 939.15 in its opinion. Rather, the Court held that because chapter 27, Florida Statutes, expressly directs the CCR to provide collateral representation for indigent defendants sentenced to death, the CCR was responsible for any costs associated with collateral appeals in capital cases. Id. at 1248. The Williams Court reasoned that since the CCR was directed by statute to pay costs, see section 27.703, the County could not be responsible for them. We do not have those circumstances here.
For the foregoing reasons, we find that Miami-Dade County is the entity responsible for the cost of Colonel's hearing transcript, and we hereby order the County to provide the same to Colonel. We note that this opinion is limited to a situation such as the one presented here; that is, where an indigent defendant requests the transcript of an evidentiary hearing conducted pursuant to his collateral criminal motion.
Motion granted in accordance with this court's opinion.
NOTES
[1] See Murray v. Giarratano, 492 U.S. 1, 8-9, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
[2] As in the instant case, Long sought the transcript of an evidentiary hearing (conducted pursuant to his state habeas corpus petition).