The Honorable Jerry Scott Chairman Suwannee County Commissioner 224 Pine Avenue Live Oak, Florida 32060
The Honorable W. Randy Henderson Clerk of Circuit Court Suwannee County 200 South Ohio Avenue Live Oak, Florida 32060
Dear Chairman Scott and Mr. Henderson:
As Chairman of the Suwannee County Commission and Clerk of Court for Suwannee County, you have both asked for my opinion on substantially the following question:
Is the Clerk of Court required to charge the county for services provided under sections 28.24, 28.241, 34.041, 34.171, and 43.28, Florida Statutes, when the clerk operates as a fee officer?
In sum:
As a fee officer, the Clerk of Court for Suwannee County is required to charge the county for services provided under sections28.24, 28.241, 34.041, and 43.28, Florida Statutes. To the extent the Clerk of Court seeks payment for expenses under section34.171, Florida Statutes, the state is primarily responsible for these charges and the county may only be charged if state funds are not available. Likewise, charges for personnel necessary to operate the circuit and county courts under section 43.28, Florida Statutes, must be directed first to the state and, if not paid with state funds, charged to the county.
According to information you have submitted, questions have arisen regarding certain fees charged by the Clerk of Court to the Board of County Commissioners for Suwannee County. In an effort to resolve these questions, a firm of certified public accountants was employed to review service fees billed by the clerk and determine whether these were valid obligations of the board. While this audit resolved the issue of payment on the majority of contested charges, questions remain about whether the clerk may validly charge the county for services rendered under sections28.24, 28.241, 34.041, 34.171, and 43.28, Florida Statutes.
The clerk of the circuit court is a constitutional county officer.[1] In addition to judicial duties, when not otherwise provided by county charter or special law approved by vote of the electors, the clerk serves as the "ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."[2]
There is no applicable special law approved by the electors that would vary those duties in Suwannee County, and the county is not governed by a county charter. Therefore, under these constitutional provisions the clerk is the ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds.
You have advised this office that the Clerk of Court for Suwannee County is a fee officer. Section 218.31(8), Florida Statutes, defines "[c]ounty fee officers" to mean:
"[T]hose county officials who are assigned specialized functions within county government and whose budgets are established independently of the local governing body, even though said budgets may be reported to the local governing body or may be composed of funds either generally or specially available to a local governing authority involved."
Pursuant to section 218.35, Florida Statutes, each county fee officer is required to establish an annual budget for his or her office that clearly reflects the revenues available to the office and the functions for which money is to be expended.[3]
Section 218.35(2), Florida Statutes, requires that the clerk, functioning in the dual capacity of clerk of the court and clerk of the board of county commissioners, prepare a budget in two parts:
"(a) The budget relating to the state courts system, including recording, which shall be filed with the State Courts Administrator as well as with the board of county commissioners; and
(b) The budget relating to the requirements of the clerk as clerk of the board of county commissioners, county auditor, and custodian or treasurer of all county funds and other county-related duties."
Each county fee officer is required to report her or his finances annually upon the close of each fiscal year to the county fiscal officer for inclusion in the annual report by the county.[4]
The board of county commissioners may require every county official to submit annually a copy of the official's operating budget for the succeeding fiscal year.[5] However, unlike county budget officers who must submit their budgets for approval to the county commission,[6] fee officers are not required to obtain the approval of their budgets from the board of county commissioners.
As stated by the Florida Supreme Court in Alachua County v.Powers:
"We feel that the proper interpretation of the various statutes is that where the circuit court clerk . . . agree[s] to turn over all fees collected by their office to the county commissioners they become county budget officers by resolution of the board pursuant to Section 145.022(1), Florida Statutes (1975). . . . Absent this agreement and resolution, the clerk of the circuit court remains a county fee officer, responsible for establishing his own annual budget. . . . He is required by law merely to file his proposed budget with the clerk of the county governing authority by September 1 preceding the fiscal year of the budget and to make an annual report of his finances upon the close of each fiscal year to the county fiscal officer for inclusion in the annual financial report of the county. . . ."[7]
As a fee officer, the Clerk of Court for Suwannee County is subject to these requirements.
Section 28.24, Florida Statutes
Section 28.24, Florida Statutes, sets forth the service charges that the clerks of court are entitled to charge as compensation for services of that office. The statute provides:
"The clerk of the circuit court shall make the following charges for services rendered by the clerk's office in recording documents and instruments and in performing the duties enumerated. However,in those counties where the clerk's office operates as a fiscalunit of the county pursuant to s. 145.022(1), the clerk shall notcharge the county for such services." (e.s.)
Thus, in situations where the clerk is a budget officer under section 145.022, Florida Statutes, the clerk is statutorily prohibited from charging the county for services rendered under section 28.24, Florida Statutes. Conversely, when the clerk is a fee officer, as is the case in Suwannee County, the clerk must charge the county for services rendered in recording documents and instruments and performing duties listed in section 28.24, Florida Statutes.
In Attorney General's Opinion 93-17, this office considered whether the Escambia County comptroller was required to charge the clerk of the circuit court for recording documents pursuant to section 28.24, Florida Statutes. This opinion presented a unique situation in that the Legislature, by special act, had divided the duties of the Clerk of the Circuit Court of Escambia County into two distinct offices.[8] The special act provided that one officer serve as clerk of the circuit and county courts and the other officer serve as county comptroller, ex officio clerk and administrative officer of the board of county commissioners, auditor, recorder and custodian of all county funds. In Escambia County, it is the comptroller who is responsible for recording court documents in the official records of the county. Both of these officers were made budget officers of the county by the special act.
In concluding that the county comptroller was prohibited from charging the clerk of the circuit court for those services described in section 28.24, Florida Statutes, this office relied on the clear language of the statute, which prohibits county budget officers from charging the county for such services. As stated in the opinion:
"[I]n counties where the clerk, or, as in this case the comptroller, is a budget officer rather than a fee officer, he or she may not assess charges against the county for those services described in s. 28.24, F.S. (1992 Supp.), including `recording, indexing and filing any instrument not more than 14 inches by 8 inches[.]'"
In Suwannee County the clerk of court is not a budget officer prohibited by statute from charging the county for services provided under section 28.24, Florida Statutes. Rather, the clerk of court is a fee officer and "shall make . . . charges for services rendered by the clerk's office in recording documents and instruments and in performing the duties enumerated" as required by section 28.24, Florida Statutes.
Section 28.241, Florida Statutes
Section 28.241, Florida Statutes, as amended,[9] requires a party instituting a civil action, suit, or proceeding in circuit court to pay various service charges to the clerk. These fees represent charges the state makes for services rendered by the state through the clerk, and establish a fund subject to the control of the state to be applied as the Legislature directs.[10]
Subsection (2) of section 28.241, Florida Statutes, provides
"The clerk of the circuit court of any county in the state who operates his or her office from fees and service charges collected, as opposed to budgeted allocations from county general revenue, shall be paid by the county as service charges for all services to be performed by him or her in any criminal or juvenile action or proceeding in such court, in lieu of all other service charges heretofore charged, except as hereinafter provided, the sum of $40 for each defendant or juvenile. However, in cases involving capital punishment the charge shall be $50. In any county where a law creates a law library fund or other special fund, this charge may be increased for that purpose by a special or local law or an ordinance. The sum of all service charges and fees permitted under this subsection may not exceed $200."
Thus, the Clerk of Court for Suwannee County, who is a fee officer, is required by section 28.241(2), Florida Statutes, to charge the county as described in that subsection for services rendered by the state through the clerk's office.
Section 34.041, Florida Statutes
This statutory section provides service charges and costs for the county court system and is the counterpart to section 28.241, Florida Statutes, above, relating to the circuit courts. Pursuant to section 34.041(1), Florida Statutes, with certain exceptions, "service charges for performing duties of the clerk relating to the county court shall be as provided in ss. 28.24 and 28.241." Further, the statute states that "[a]ll filing fees shall be retained as fee income of the office of the clerk of circuit court."[11]
Under the clear language of sections 34.041 and 28.241, Florida Statutes, a clerk of court who is a fee officer is required to charge the county for both county court and circuit court service charges or filing fees and shall retain those moneys as income of that office.
An exception to this requirement exists for criminal proceedings filed in county courts. Section 34.041(3), Florida Statutes, states that:
"In criminal proceedings in county courts, costs shall be taxed against a person in county court upon conviction or estreature pursuant to chapter 939. The provisions of s. 28.241(2) shall not apply to criminal proceedings in county court."
Thus, while a clerk of court who is a fee officer is authorized to make and retain service charges for criminal cases filed in circuit court, the exception provided in section 34.041(3), Florida Statutes, would prohibit the collection and retention of fees in county criminal court cases.[12]
Section 34.171, Florida Statutes
Section 34.171, Florida Statutes, requires that:
"Unless the state shall pay such expenses, the county shall pay all reasonable salaries of bailiffs, secretaries, and assistants of the circuit and county courts and all reasonable expenses of the offices of circuit and county court judges."
In several previous opinions, this office has interpreted the statute to require that the counties shall pay all reasonable expenses of the offices of the county court judges when moneys have not been appropriated by the state to meet these expenses.[13] These opinions recognize that a county judge is a state officer and that reimbursement for expenses incurred for official functions of that office is primarily a state responsibility.
Under this rationale, Attorney General's Opinion 93-21 considered whether a county was responsible for reimbursing the expenses incurred by a county judge in defending charges pending before the Judicial Qualifications Commission. The opinion concluded that, as a county judge is a state officer, reimbursement for such expenses should be sought from the state.
Thus, under section 34.171, Florida Statutes, it is primarily the state's responsibility to pay the circuit and county court personnel expenses, but in a case where no state funds are forthcoming, the county is responsible for making such payment.
Section 43.28, Florida Statutes
This statutory section is the complement to section 34.171, Florida Statutes, above:
"The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts."
However, this section addresses the provision of facilities for the operation of circuit and county courts while section 34.171, Florida Statutes, relates to personnel.
In Attorney General's Opinion 73-173, this office concluded that it was appropriate for county funds to be used to provide law books necessary for the county court judge to carry out his judicial duties if the state did not supply these books. The Florida Supreme Court, in interpreting section 43.28, Florida Statutes, has determined that a county's statutory obligation to provide appropriate "personnel necessary to operate the circuit and county courts" includes attorney's fees and the costs of legal counsel.[14]
Thus, it is the responsibility of the counties to provide facilities and equipment for the operation of both circuit and county courts while the state is primarily responsible for charges relating to personnel under this section and 34.171, Florida Statutes.
Section 145.051, Florida Statutes
Finally, you question the interaction among section 145.051(1), Florida Statutes, and the statutes discussed above. Chapter 145, Florida Statutes, was adopted by the Legislature in an effort to provide a uniform salary schedule for county officials that was not arbitrary and discriminatory.[15] The salary schedules established in Chapter 145, Florida Statutes, apply to all court clerks regardless of whether they operate as fee or budget officers.
Under the provisions of this chapter, a board of county commissioners, with the agreement of the county official involved, may pass a resolution guaranteeing and appropriating a salary to that official in the amount specified in Chapter 145, Florida Statutes.[16] The official must, in turn, agree to turn over all fees collected by him or her to the board of county commissioners.[17] The resolution applies only to a county official who has concurred in its adoption and only for the length of that official's tenure in his current term.[18]
Section 145.051(1), Florida Statutes, provides a salary scale for clerks of circuit court and county comptrollers. The amount of compensation is based on population increments. For those clerks of the circuit court who meet certain certification requirements established by the Florida Supreme Court, an additional $2,000 special qualification salary is authorized.[19]
In a county that has passed a salary resolution under Chapter 145, Florida Statutes, the clerk acts as a fiscal unit of the county and is considered a budget officer rather than a fee officer. In those counties where the clerk of circuit court is a budget officer
"all fees, costs, salaries, commissions, extra compensation, or any other funds which are paid or payable to a county official or to the official's office, either by law or on account of any service (including, for the purposes of this section, service arising out of official duties, ex officio duties, and private nonofficial acts) performed by the official for any agency or instrumentality of the state or of any county or municipality in the state, or for any officer, board, district, authority, or unit of state or local government, or for individuals, wherein any of the personnel, equipment, or space of the office is employed, shall be included as income of the office and shall not be retained by the county official as personal income."[20]
As discussed under the various applicable statutes above, certain fees are not due from the county when the clerk and the county have agreed, pursuant to section 145.022(1), Florida Statutes, that the clerk shall operate as a fiscal unit of the county, i.e., a budget officer.[21]
You have advised this office that the Clerk of Court for Suwannee County is a fee officer. Since the Suwannee County Clerk of Court is not a budget officer, the provisions of Chapter 145, Florida Statutes, relating to budget officers do not apply to this situation.
In sum, it is my opinion that, as a fee officer, the Clerk of Court for Suwannee County is required to charge the county for services provided under sections 28.24, 28.241, 34.041, and 43.28, Florida Statutes. To the extent the Clerk of Court seeks payment for expenses under section 34.171, Florida Statutes, the state is primarily responsible and the county may only be charged if state funds are not available. Likewise, charges relating to personnel necessary to operate the circuit and county courts under section 43.28, Florida Statutes, must be directed first to the state and, if not paid with state funds, charged to the county.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Art. VIII, s. 1(d), Fla. Const. 
[2] Id. And see, Art. V, s. 16, Fla. Const., which provides:
"There shall be in each county a clerk of the circuit court who shall be selected pursuant to the provisions of Article VIII section 1. Notwithstanding any other provision of the constitution, the duties of the clerk of the circuit court may be divided by special or general law between two officers, one serving as clerk of court and one serving as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."
See, Alachua County v. Powers, 351 So.2d 32 (Fla. 1977), recognizing that the clerk's judicial functions may be separated from his or her county officer functions as auditor, accountant, custodian of county funds and official recorder.
[3] Section 218.35(1), Fla. Stat.
[4] Section 218.35(3), Fla. Stat. And see, s. 218.36, Fla. Stat., which requires county officers, on or before the date for filing the annual report, to pay into the county general fund all money in excess of the sum to which the officer is entitled under Ch. 145, Fla. Stat., setting the annual compensation of county officers.
[5] Section 125.01(1)(v), Fla. Stat.
[6] See, s. 129.03, Fla. Stat.
[7] 351 So.2d 32, 41-42 (Fla. 1977).
[8] See, Ch. 72-460, Laws of Florida, as amended by Ch. 73-455, Laws of Florida.
[9] Section 28.241, Fla. Stat., was amended by s. 12, Ch. 99-277, Laws of Florida. This amendment relates to the fees charged for civil actions filed relating to public guardianships.
[10] See, Op. Att'y Gen. Fla. 78-136 (1978), and State ex rel.Buford v. Spencer, 87 So. 634 (Fla. 1921).
[11] Section 34.041(1), Fla. Stat.
[12] See, Op. Att'y Gen. Fla. 74-320 (1974).
[13] See, Ops. Att'y Gen. Fla. 93-21 (1993); 76-85 (1976); 73-187 (1973); and 73-173 (1973).
[14] See, Hoffman v. Haddock, 695 So.2d 682 (Fla. 1997), and Inre D.B. and D.S., 385 So.2d 83 (Fla. 1980). See also, BrevardCounty Board of County Commissioners v. Moxley, 526 So.2d 1023
(Fla. 5th DCA 1988).
[15] See, s. 145.011(2), Fla. Stat.
[16] Section 145.022(1), Fla. Stat.
[17] Id.
[18] Id.
[19] Section 145.051(2)(a), Fla. Stat.
[20] Section 145.121(1), Fla. Stat.
[21] See, e.g., s. 28.24, Fla. Stat.