PER CURIAM.
Appellant disputes here the reasonableness of a fee he received for his services as a court-appointed attorney to a criminal defendant charged with first degree murder in Escambia County. Appellant testified that he spent 51V2 hours in the representation of the client; and that his efforts produced a nolle prosequi of the charge against the defendant. Appellant’s experts, after reviewing the file on the case, estimated a reasonable fee to be between $5,000 and $7,000. The court awarded $1,085, apparently in accordance with a recommended schedule sent out by the Escam-bia County Administrative Judge which provided that fees in court-appointed cases were to be computed on the basis of $20 per hour for office and $30 per hour for court time, and that the maximum would be $1,000 “except in unusual circumstances.”
The relevant statute, Section 925.035, Fla. Stat. (1977), now provides:
“If the court appoints an attorney other than the public defender, the attorney shall be allowed reasonable compensation for representing the defendant, as determined by the court.”[1]
Appellant contends that his fee was not reasonable because (1) it did not match his experts’ testimony and (2) because it was set in accordance with a maximum fee schedule adopted arbitrarily by the Escam-bia County circuit judges without authorization from the Legislature. The county responds that the judge did not necessarily set the fee according to the schedule, since it was $85 over the recommended maximum. The county also points out that it was not given the opportunity to cross-examine appellant’s experts, or produce its own, because it was not given notice of the hearing on appellant’s fee and indeed did not come into the matter until appellant served his motion for rehearing on the county after the first hearing had already been held. Appellant served the State Attorney with notice of the original hearing but not the county.
We find merit in both parties’ arguments. The county was clearly denied due process when appellant failed to notify it of the original fee hearing. The State Attorney, with no responsibility for paying the fee, did not appear at the hearing; what resulted then was essentially an ex parte proceeding at which appellant presented the testimony of himself and his own experts.
Appellant was entitled to a “reasonable” fee, not one set in accordance with a judicially-imposed schedule. Inflexible fee schedules are not currently favored in the law. Goldfarb v. Virginia State Bar, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975). The Legislature in eliminating the maximum fee of $750 and providing that compensation in such cases be “reasonable ., as determined by the court” intended an individualized analysis of the appropriate fee by the trial judge in each particular case. To allow a schedule to dictate the fee would contravene this intent. Nevertheless, “Attorneys rendering services pursuant to appointment by the court as assistant public defenders . should not expect, nor are they entitled as a matter of right to receive compensation in amounts commensurate with that which would normally be paid for similar services emanating from a voluntary attorney-client relationship.” Gant v. State, 216 So.2d 44 (Fla. 1st DCA 1968). We therefore reverse the judgment and remand the case for a de novo hearing on a “reasonable” fee with proper notice to all interested parties and *905 with proper consideration to all factors bearing on the question of “reasonable” compensation on the facts presented.
REVERSED and REMANDED.
MILLS, Acting C. J., and ERVIN and MELVIN, JJ., concur.

. There was formerly a $750 maximum fee in court-appointed cases. Section 925.035, Fla. Stat. (1975). The change to a “reasonable” fee was made in Ch. 76-287, Laws of Florida, effective October 1, 1976.