W. SHARP, Judge.
Brevard County petitions for a writ of certiorari[1] to quash the circuit court’s order which directed the county to pay attorney’s fees to Gregory L. Hammel. The court appointed Hammel attorney ad litem for three children in a dependency proceeding. The county argues that the trial court’s order constitutes a departure from the essential requirements of law because it was entered without adequate notice to the county and without allowing the county an opportunity to object, in violation of the county’s due process rights. We agree.
Gregory Hammel was appointed attorney ad litem for three children at the request of their guardian ad litem. In the order appointing Hammel, the trial judge indicated that Hammel would be compensated from public funds. Accordingly, Hammel filed a motion for attorney’s fees, a copy of which was mailed to the county attorney. However, the day after the motion was filed and mailed, the trial court entered an order granting the motion without holding a hearing.
In Murphy v. Escambia County, 358 So.2d 903 (Fla. 1st DCA), cert. dismissed, 362 So.2d 1052 (Fla.1978), the court held that the trial court erred in requiring a county to pay the attorney’s fees of an indigent defendant’s court-appointed attorney when the county was not given notice of the hearing on the motion for payment of fees, because the procedure violated due process. See also Florida Department of Health and Rehabilitative Services, Division of Youth Services, Bureau of Field Services v. R.M.A., 327 So.2d 844 (Fla. 1st DCA 1976) (entry of order directing HRS to pay guardian ad litem’s attorney’s fees reversed where guardian failed to serve copy of motion on HRS); Dade County v. Baker, 257 So.2d 583 (Fla. 3d DCA 1972) (county could not be ordered to pay funeral expenses for prisoner who died in overcrowded jail without first giving nonparty county notice and an opportunity to object).
Similarly, in this case, the county was ordered to pay the attorney ad litem’s fees without having adequate notice and without receiving any opportunity to object. Therefore, we grant the petition for writ of certiorari, and quash the order directing the county to pay the attorney ad litem’s fees. We remand the case to the trial court for further proceedings.
Writ GRANTED; order QUASHED; REMANDED.
COWART and GRIFFIN, JJ., concur.

. Certiorari is the appropriate vehicle to review an order taxing costs or attorney's fees against the county in a case in which the county was not a party. See, e.g., Russell v. County of Escambia, 570 So.2d 991 (Fla. 1st DCA 1990); Brevard County v. Eisenmenger, 567 So.2d 1059 (Fla. 5th DCA 1990); Board of County Commissioners of Hillsborough County v. Scruggs, 545 So.2d 910 (Fla. 2d DCA 1989); Brevard County Board of County Commissioners v. Moxley, 526 So.2d 1023 (Fla. 5th DCA 1988).