ORFINGER, J.
 

 The Justice Administrative Commission (JAC) seeks certiorari review of an order requiring it to pay the attorney’s fees of a mother’s court-appointed private counsel in a termination of parental rights proceeding. Because the mother executed a voluntary written surrender of her parental rights pursuant to section 39.806(l)(a), Florida Statutes (2008), before the termination proceedings were initiated, she was not entitled to publicly-funded counsel. Consequently, the order appointing counsel, and more specifically, the order requiring the JAC to pay appointed counsel, was error. As a result, we grant the petition and quash the circuit court’s order.
 
 [1]
 

 Osa J. Harp, IV, was appointed to represent the mother in a dependency case. While the dependency case was ongoing, the mother voluntarily surrendered her parental rights in writing. The Department of Children and Families then filed a termination action, and the trial court appointed Mr. Harp to represent the mother. After the termination case was concluded, Mr. Harp petitioned the trial court for fees. The JAC objected, arguing that because the mother voluntarily executed a written surrender of parental rights, she had no right to court-appointed counsel. Nevertheless, the trial court ordered the JAC to pay Mr. Harp a fee for representing the mother during the termination proceeding.
 
 [2]
 

 Section 29.007(2), Florida Statutes (2009), authorizes the JAC to pay attorney’s fees to private attorneys appointed by the court to represent indigents or other litigants in civil proceedings that require court-appointed counsel in accordance with state and federal constitutional guarantees or statutes.
 
 See also
 
 § 27.40, Fla. Stat. (2009). Section 39.807(1), Florida Statutes (2009), which establishes the statutory right to appointed counsel in termination proceedings, provides:
 

 39.807. Right to counsel; guardian ad litem.
 

 (l)(a) At each stage of the proceeding under this part, the court shall advise the parent of the right to have counsel
 
 *781
 
 present. The court shall appoint counsel for indigent parents....
 

 [[Image here]]
 

 (d) This subsection does not apply to any parent who has voluntarily executed a written surrender of the child and consent to the entry of a court order therefor.
 

 § 39.807(l)(a),(d), Fla. Stat. (2009).
 
 [3]
 
 By its plain language, section 39.807(l)(d) does not authorize the court to appoint counsel to a parent who has executed a voluntary written surrender of his or her parental rights. When the language of the statute is plain and not ambiguous, the statute must be interpreted in accordance with that plain language.
 
 See generally State v. Bradford,
 
 787 So.2d 811, 817 (Fla.2001).
 

 Nothing in the record before us suggests that the voluntariness of the mother’s surrender of parental rights was in question or that the mother sought to set aside her consent prior to the entry of the final order terminating her parental rights. In that instance, the JAC concedes an indigent parent would be entitled to court-appointed counsel. However, under the circumstances presented here, the circuit court had no authority to appoint counsel for the mother, and the JAC is not required to pay any attorney’s fees for the termination proceeding.
 
 [4]
 

 We conclude the trial court’s order departed from the essential requirements of law, grant the petition for writ of certiorari and quash the order under review.
 

 CERTIORARI GRANTED; ORDER QUASHED.
 

 GRIFFIN and PALMER, JJ., concur.
 

 [1]
 

 . Mr. Haip did not file a response to this petition.
 

 [2]
 

 . Although the order under review directed the JAC to make payment to Mr. Harp for his services in the dependency proceeding, the real issue is whether an earlier, erroneous payment of fees for the termination proceeding could be used to set-off the payment for the fees due in the dependency proceeding.
 

 [3]
 

 . Florida Rule of Juvenile Procedure 8.515(a)(1), relating to termination proceedings, similarly provides in relevant part:
 

 Rule 8.515. Providing Counsel to Parties, (a) Duty of the Court.
 

 (1) At each hearing, the court shall advise unrepresented parents of their right to have counsel present, unless the parents have voluntarily executed a written surrender of the child and consent to the entry of a court order terminating parental rights.
 

 [4]
 

 . In an analogous situation, a parent who defaults by failing to appear at a termination hearing is deemed to have consented to the termination of his or her parental rights, and, therefore, is not entitled to court-appointed counsel.
 
 See Justice Admin. Comm'n v. Berry,
 
 5 So.3d 696 (Fla. 3d DCA 2009) (holding that trial court cannot determine putative fathers to be indigent where their whereabouts were unknown and they did not appear at termination proceedings; there is no law requiring appointment of counsel for parent who does not appear for termination proceeding, and trial court departed from essential requirements of law in requiring JAC to pay fees for attorneys appointed to represent putative fathers).