PER CURIAM.
 

 The Justice Administrative Commission (JAC) seeks certiorari review of an order awarding attorney’s fees to Vanessa T. Gayden, Esquire (Gayden). JAC objects because the order was entered without a hearing. Certiorari is an appropriate remedy.
 

 On August 28, 2007, the circuit court appointed Gayden to represent the mother in a dependency proceeding. On November 19, 2007, Gayden submitted a bill for $1,000, which JAC paid. This would have concluded Gayden’s involvement in the case but for the fact that the Department of Children and Families had filed a petition to terminate the mother’s parental rights. The mother, though personally served with a summons and notice to appear, failed to appear at the termination advisory hearing. Nonetheless, at this hearing, the circuit court appointed Gay-den to represent the mother, and Gayden presented argument on the mother’s behalf. The trial court subsequently entered an order terminating the mother’s parental rights, finding that the mother’s default by failure to appear constituted her consent to the termination of her parental rights.
 

 Gayden submitted a bill for $1,000 to JAC for her legal representation of the mother in the termination of parental rights proceeding. JAC sent a letter of objection to Gayden, asserting that it did not have statutory authority to pay because the parent must be present in the court at the time counsel is appointed. JAC instructed Gayden that if she were to seek compensation in the circuit court, she should note JAC’s objection and request a hearing. As directed, Gayden filed a “Petition for Payment of Attorney’s Fees,”
 
 *163
 
 wherein she noted that JAC objected to the payment of the fees, and she requested a hearing on the matter. The circuit court, without holding a hearing, entered an order directing JAC to pay $1,000 to Gayden.
 

 JAC is authorized to pay flat fees to appointed counsel in certain proceedings, including dependency and termination of parental rights cases. If there is an objection, the court retains primary authority and responsibility for determining the reasonableness of all billings for attorney’s fees, costs, and related expenses, subject to statutory limitations.
 
 See
 
 § 27.5304(3), Fla. Stat. (2009). As the entity responsible for payment of attorney’s fees to court-appointed counsel, JAC is entitled to participate in proceedings related to those fees. Thus, the order awarding attorney’s fees to Gayden, who was court-appointed, should not have been entered without giving JAC the opportunity to be heard on its objection. The circuit court’s failure to provide this opportunity constitutes a departure from the essential requirements of law.
 
 Cf. Brevard County v. Hammel,
 
 575 So.2d 772, 773 (Fla. 5th DCA 1991).
 

 Therefore, we quash the order awarding attorney’s fees so that a hearing may be held. We also direct the circuit court’s attention to the recent opinions of
 
 Justice Administrative Commission v. Harp,
 
 24 So.3d 779, (Fla. 5th DCA 2009) (holding that circuit court lacked statutory authority to appoint counsel for mother who voluntarily executed a written surrender of parental rights; JAC not required to pay counsel for mother’s legal representation at the termination of parental rights proceeding under these facts), and
 
 Justice Administrative Commission v. Berry,
 
 5 So.3d 696 (Fla. 3d DCA 2009) (holding circuit court departed from essential requirements of law in requiring JAC to pay attorney’s fees for counsel appointed to represent fathers in termination proceedings where fathers did not appear at the proceedings, thereby consenting to the termination of their parental rights, and their indigency could not be determined).
 

 PETITION GRANTED; ORDER QUASHED.
 

 MONACO, C.J., SAWAYA and JACOBUS, JJ., concur.