CASANUEVA, Chief Judge.
 

 The Justice Administration Commission seeks certiorari relief from an order to pay attorney Mark A. Goettel for his appointed representation of a mother during a termination of parental rights proceeding. The mother surrendered her rights to her child in writing. Section 29.007, Florida Statutes (2008), authorizes payment for an attorney’s services only when the client has a right to court-appointed counsel. At issue is whether the mother had a right to court-appointed counsel during these proceedings. We hold that she did not. Florida law does not provide for court-appointed counsel in termination proceedings when the parent has voluntarily surrendered her rights to the child.
 

 The trial court appointed Mr. Goettel to represent the mother at the beginning of dependency proceedings. One year and four months later, the mother signed a written surrender of her child and filed a petition for termination of parental rights based upon that written surrender. Shortly thereafter, the trial court appointed Mr. Goettel to continue his representation through the termination proceedings. After termination was final, Mr. Goettel sought payment from the JAC for his services in both proceedings. The JAC paid him for the dependency proceedings but
 
 *787
 
 refused to pay for the termination proceedings. Mr. Goettel filed a motion for compensation in the trial court. The trial court ordered the JAC to pay Mr. Goettel $1000 for his services during the termination proceedings.
 

 The JAC argues that it only has authority to pay private attorneys who are “appointed by the court to represent indigents or other classes of litigants in civil proceedings
 
 requiring court-appointed counsel in accordance with state and federal constitutional guarantees and federal and state statutes.”
 
 § 29.007(2) (emphasis added). If the mother had a right to appointed counsel, then the JAC should pay Mr. Goettel for his representation in the termination proceedings.
 

 Section 39.807(l)(a), Florida Statutes (2008), provides that an indigent parent has a right to court-appointed counsel in a termination proceeding. But subsection (l)(d) states that subsection (l)(a) “does not apply to any parent who has voluntarily executed a written surrender of the child and consent to the entry of a court order therefor.” Because the mother executed a written surrender, she had no right to appointed counsel for her termination proceeding. The trial court erred in ordering the JAC to pay for counsel’s representation when he was improperly appointed for the termination proceeding.
 

 To warrant certiorari relief, the JAC must demonstrate that the trial court’s order was a departure from the essential requirements of law that resulted in a miscarriage of justice.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla.2003). In a similar case, the Fifth District held that an order erroneously requiring the JAC to pay for improperly appointed counsel met this stringent standard.
 
 Justice Admin. Comm’n v. Harp,
 
 24 So.3d 779 (Fla. 5th DCA 2009). We agree that this error warrants relief and quash the order on review.
 

 Petition for writ of certiorari granted; order quashed.
 

 NORTHCUTT and MORRIS, JJ., Concur.