EVANDER, J.
The Justice Administrative Commission (JAC) seeks certiorari review of an order requiring it to pay the attorney fees of a mother’s court-appointed private counsel in a termination of parental rights proceeding. The record reflects that counsel was appointed after the mother had executed a voluntary written surrender of her parental rights.[1] Pursuant to section 39.807(1), Florida Statutes (2010),[2] the mother was not entitled to publicly-funded counsel. Justice Admin. Conim’n v. Harp, 24 So.3d 779 (Fla. 5th DCA 2009); *303 see also Justice Admin. Comm’n v. Goettel, 32 So.3d 786 (Fla. 2d DCA 2010). Because the mother was not entitled to appointed counsel, JAC was not obligated to pay counsel’s fees. § 29.007(2), Florida Statutes (2010); see also Goettel; Harp. We conclude that the trial court’s order departed from the essential requirements of law. See Goettel; Harp. We grant the petition for writ of certiorari and quash the order under review.
GRANT PETITION, ORDER QUASHED.
TORPY and LAWSON, JJ„ concur.

. The mother never challenged the voluntariness of her surrender of parental rights.

. Section 39.807 Right to counsel; guardian ad litem.
(l)(a) At each stage of the proceeding under this part, the court shall advise the parent of the right to have counsel present. The court shall appoint counsel for indigent parents ....
[[Image here]]
(l)(d) This subsection does not apply to any parent who has voluntarily executed a written surrender of the child and consent to the entry of a court order therefor.