840 So.2d 1162 (2003)
Jonel OCER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2.
District Court of Appeal of Florida, Fifth District.
March 28, 2003.
Jonel Ocer, Wewahitchka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION TO REVIEW
PER CURIAM.
Jonel Ocer appeals an order denying Ocer's motion for a transcript of an evidentiary hearing at public expense.[1] We reverse.
Ocer's rule 3.850 postconviction motion was denied after an evidentiary hearing. Ocer then filed a notice of appeal, a motion for an order of insolvency, and a motion for a transcript of the evidentiary hearing at public expense. Although the trial court entered an order of insolvency, it denied the motion for a transcript. The denial was based on this court's opinion in Ridge v. Adams, 643 So.2d 116 (Fla. 5th DCA 1994). In Ridge, the defendant's request for a transcript of a preliminary *1163 hearing was made before any motion for postconviction relief was filed in the trial court.
Unlike the defendant in Ridge, Ocer is seeking a transcript of a postconviction evidentiary hearing, which will be filed as part of the record on appeal of the denial of his postconviction motion. Florida Rules of Appellate Procedure 9.141(b)(3)(A) & (B) require that transcription be ordered by the clerk of the lower tribunal in indigent appeals where a rule 3.850 motion is denied after an evidentiary hearing. Accordingly, Ocer is entitled to the transcript of the postconviction evidentiary hearing at public expense. See Colonel v. State, 723 So.2d 853 (Fla. 3d DCA 1998).
We remand for transcription of the evidentiary hearing and for supplementation of the record with the transcript, within thirty days from the date of this opinion.
REVERSED and REMANDED.
THOMPSON, C.J., SHARP, W., and ORFINGER, JJ., concur.
NOTES
[1] The appellant actually filed a "Motion to Enforce Duties of the Lower Court Clerk," which we treat as a motion to review the order denying transcription of appellant's evidentiary hearing.