EVANDER, J.
W.Z. was adjudicated delinquent and placed on six months probation after having entered a nolo contendere plea to simple battery. As a part of the disposition order, the trial court ordered W.Z. and his parents to pay an attorney’s fee of $50.00 for services rendered to W.Z. by the public defender’s office. W.Z. and his parents were further ordered to pay the costs of two mental competency evaluations which, upon motion by the public defender’s office, had been ordered by the trial court. Payment of the attorney’s fees and mental competency evaluation costs was made a condition of probation. On appeal, W.Z. challenges the assessment of these particular fees and costs on the grounds that they were not authorized by statute. We affirm as to the imposition of attorney’s fees, but reverse the trial *52 court’s assessment of costs for the competency evaluations.[1]
Contrary to W.Z.’s assertion, the Legislature has authorized the assessment of attorney’s fees against a child who has been found guilty of committing a criminal act and who received the assistance of the public defender’s office. Section 985.038(1), Florida Statutes (2009), provides that a child is entitled to representation by legal counsel at all stages of delinquency court proceedings. If the child and the parents (or other legal guardian) are unable to employ private counsel, the court is required to appoint counsel to represent the child. Significantly, section 985.033(1) expressly makes the costs of representation provisions set forth iii section 938.29 applicable to juvenile delinquency proceedings:
Determination of indigence and costs of representation shall be as provided by ss. 27.52 and 938.29.
Pursuant to section 938.29(l)(a), Florida Statutes (2009), a defendant who has been determined to be guilty of a criminal act and who has received the assistance of the public defender’s office shall be liable for payment of attorney’s fees. The court is required to impose the attorney’s fees “notwithstanding the defendant’s present ability to pay.” § 938.29(l)(b), Fla. Stat. (2009). Furthermore, the court is expressly authorized to make payment of attorney’s fees a condition of probation. § 938.29(l)(c). The obligation to pay the child’s attorney’s fees may also be placed on the child’s parents or legal guardian. § 985.033. We conclude that there was no error in the disposition order "with regard to the assessment of attorney’s fees.
By contrast, we believe that the Legislature has not authorized a trial court to assess the costs for mental competency evaluations against an indigent child. Mental competency evaluations in juvenile delinquency proceedings are governed by section 985.19, which provides in part:
(1) If, at any time prior to or during a delinquency case, the court has reason to believe that the child named in the petition may be incompetent to proceed with the hearing, the court on its own motion may, or on the motion of the child’s attorney or state attorney must, stay all proceedings and order an evaluation of the child’s mental condition.
* * *
(b) All determinations of competency shall be made at a hearing, with findings of fact based on an evaluation of the child’s mental condition made by not less than two nor more than three experts appointed by the court ... Experts appointed by the court to determine the mental condition of a child shall be allowed reasonable fees for services rendered ... The fees shall be taxed as costs in the case.
(emphasis added).
The State relies on the final sentence in section 985.19(l)(b) to support its contention that the costs for the competency evaluation were properly assessed against W.Z. and his parents. However, this sentence does not specify against whom (or what entity) these fees are to be taxed. As correctly observed by W.Z., the term “taxed as costs in the case,” does not, by itself, lay responsibility for payment on the child and/or his parents. For example, section 27.0061, Florida Statutes (2000),[2] *53 provides that the cost of the transcript for a criminal proceeding from which an appeal is taken is to be “taxed as costs in the case.” Yet, it is well-established that the costs for such transcripts are to be borne by the government and not by an indigent appellant. See, e.g., Ocer v. State, 840 So.2d 1162 (Fla. 5th DCA 2003); Colonel v. State, 723 So.2d 853 (Fla. Sd DCA 1998). We conclude that section 985.19(1)(b) fails to expressly authorize the assessment of competency evaluation costs against an indigent juvenile.
The State next argues that section 938.29 supports the assessment of these costs against W.Z. However, unless the Legislature expressly makes a cost or surcharge imposed by Chapter 938 applicable to juvenile delinquency cases, such cost or surcharge may not be imposed in a delinquency proceeding. V.K.E. v. State, 934 So.2d 1276 (Fla.2006); see also T.L.S. v. State, 949 So.2d 290 (Fla. 5th DCA 2007). Here, the Legislature has not done so.
Finally, the State argues that pursuant to Office of State Attorney for Eleventh Judicial Circuit v. Polites, 904 So.2d 527 (Fla. 3d DCA 2005), W.Z. is obligated to pay the costs of the evaluations because he is the party who requested them. However, Polites is not supportive of the State’s position. In Polites, petitions for certiora-ri were filed by the state attorney’s office and/or the public defender’s office in four separate cases challenging court orders requiring the state attorney and the public defender to pay for certain court-ordered mental competency evaluations. The Po-lites court held that the state court system, rather than the Office of the State Attorney or the Office of the Public Defender, was required to pay the costs of the competency evaluations where the evaluations were ordered on the court’s own motion. None of these cases arose from a juvenile delinquency proceeding.[3] More importantly, the issue was whether the court, the state attorney’s office, or the public defender’s office was responsible for the payment of the disputed costs. There was no contention that the indigent defendants themselves were obligated to pay.
AFFIRMED, in part; REVERSED, in part; Costs for Mental Competency Evaluations STRUCK.
MONACO, C.J. and GRIFFIN, J., concur.

. W.Z. also challenges the trial court’s requirement that payment of fees and costs to the clerk of court be by money order or cashier’s check. Having failed to raise this argument below, this issue has not been preserved for review.

. § 27.0061 Transcripts in criminal cases.—
*53 Upon the demand of the state attorney, or the presiding judge in any criminal case, or the defendant within the time allowed for taking an appeal and for the purpose of taking an appeal in a criminal case, the court reporter shall furnish with reasonable diligence a transcript of the testimony and proceedings; and the costs for same shall be taxed as costs in the case.
(emphasis added).

. Mental competency evaluations in criminal proceedings are governed by section 916.115.